243 So.2d 629 (1971)
Henry WOLDARSKY, Plaintiff,
v.
Mary Louise WOLDARSKY, Etc., et al., Defendants.
No. O-327.
District Court of Appeal of Florida, First District.
February 9, 1971.
Richard H. Whitson, Daytona Beach, for appellant.
Merritt H. Powell, Ormond Beach, and Dan R. Warren, Daytona Beach, for appellees.

ON MOTION TO DISMISS
SPECTOR, Judge.
This is a motion to dismiss the appeal on the ground that the notice of appeal was not timely filed.
Final judgment in the instant divorce case was rendered on July 15, 1970. No action was taken by appellant until August 21, 1970, at which time he filed a motion to vacate and set aside the July 15 final judgment. On the face of the motion to vacate, appellant stated as his only ground therefor that he had received no notice that the final judgment had been rendered on July 15 and that no copy thereof had been served upon him. His motion to vacate states that the sole purpose of his motion was so that the final judgment could be re-entered, only this time with a fresher date so that he could take an appeal therefrom. On August 28, 1970, the trial court filed an order granting the motion to set aside the July 15 final judgment and re-entering the same as of August 26, 1970. It is obvious that the only purpose of the motion to vacate and the order granting same was to redate the earlier final judgment on which time to appeal had expired and thereby, in effect, to extend the time for seeking review thereof. On August 31, 1970, appellant filed a motion for new trial which of course was timely as to the new final judgment filed August 28, but untimely as to the final judgment filed July 15, 1970. On December 11, 1970, the trial judge, apparently having reconsidered the matter, entered an order in which he stated that he now felt that he had lacked jurisdiction to enter the order filed August 28, 1970, redating the final judgment and denied the motion for new trial on December 16, 1970. The notice of appeal was filed which on its face seeks review of the final judgment rendered July 15, 1970.
Appellee's motion to dismiss correctly proceeds on the theory that the trial court had no authority to extend the time for appealing the July 15 final judgment by redating *630 it after time for appeal had run and that therefore neither that action nor the appellant's motion for new trial filed August 31, 1970, had the effect of tolling the time for appeal. As a general rule, the principle relied upon by appellee is not incorrect.
However, we are not faced with an unauthorized order extending time for taking appeal from a judgment or order, the rendition of which was known to all parties or where the failure to file a timely notice of appeal resulted from counsel's inexcusable neglect. On the contrary, the appellant here invoked the provisions of Rule 1.540(b), Florida Rules of Civil Procedure, 31 F.S.A., and asserted that he received no notice nor had any knowledge of the actual rendition of the final judgment.
Rule 1.540(b) authorizes relief from judgments, decrees and orders where there has been some mistake, inadvertence, surprise or excusable neglect. It is our view that under the cited rule, a trial court is vested with discretion to grant relief to a party desiring to seek review of a final judgment, decree or order, the rendition of which the party was without notice or knowledge. Rogers v. First National Bank at Winter Park et al., 232 So.2d 377 (Fla. 1970).
This interpretation of Rule 1.540(b) and the authority of a trial judge thereunder is similar to the holdings of the federal courts under Rule 60(b), Federal Rules of Civil Procedure, which is the federal counterpart of our Rule 1.540(b). See Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538 (C.A.2d 1963); Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944).
Accordingly, we hold that the trial court was authorized to enter the order rendered August 28, 1970, setting aside the earlier July 15 order and re-entering same so as to relieve the appellant from the inadvertent earlier rendition without notice or knowledge thereof.
Care should be taken to note that our approval of vacating and setting aside final judgments under Rule 1.540(b) on the grounds of mistake, inadvertence or excusable neglect, in the context of this case, is restricted to those instances wherein the party seeking to review a final judgment or order had no notice or knowledge of its rendition. To prevent needless repetitious reconsideration of cases, the trial courts should, as many have already done, develop an internal procedure whereunder court functionaries give some form of notice to the parties or their counsel that a final judgment or order has been rendered. As indicated, this practice is already followed in many of our trial courts successfully, thus assuring that all parties who desire to exercise their right to appeal can do so without unnecessarily burdening counsel with the requirement of making repetitive daily inquiries as to whether final judgments have yet been rendered.
The motion to dismiss appeal is denied.
WIGGINTON, Acting C.J., and CARROLL, DONALD, K., J., concur.