COWART, Judge.
THE AGREEMENT OF THE PARTIES: The real estate listing agreement between the parties provides
We [landowners-appellants] agree to pay you [appellee-broker] a 10% commission on the sale price should you produce a buyer who is ready willing and able to purchase for the price and on the terms set forth below. The commission shall be 5% should we refer the prospect to you, or should the property be sold by us or some party other than a cooperating broker.
THE FACTS: The landowners referred a third party broker with a prospect to appel-lee-broker, the two brokers agreed to cooperate and a sale resulted.
THE CONTROVERSY: The landowners claim they referred the prospect to appel-lee-broker and the commission is 5%. Ap-pellee-broker claims the property was sold by a cooperating broker and the commission is 10%.
THE PRIOR APPEAL: In this declaratory judgment action the trial court granted appellees’ motion for summary judgment and a 10% commission, which the landowners appealed as a nonfinal order that determined liability in favor of a party seeking affirmative relief[1] contending that there were contested issues of fact one of which was whether the commission was 5% or 10%. This court affirmed without opinion. Russell v. Florida Ranch Lands, Inc., 426 So.2d 43 (Fla. 5th DCA 1983).
ARGUMENT ON ISSUES IN THIS APPEAL: Appellant takes this second appeal from the final summary judgment entered after our mandate and argues (1) on the prior non-final appeal this court had jurisdiction only to determine the correctness of the order granting summary judgment as to the issue of liability and now should consider if the trial court correctly interpreted the agreement as a matter of law, and (2) the conflicting interpretations of this contract demonstrates its latent ambiguity which precludes its interpretation as a matter of law by summary judgment and the intent of the parties must be determined as a question of fact by trial. Appel-lee argues this court had jurisdiction in the prior appeal and upheld the granting of the motion for summary judgment which includes a determination of the amount of the commission to be 10% and the law of the case precludes a reargument and redetermi-nation of that matter on this second appeal in this same case.
CONCLUSION: One of the issues involved in the motion for summary judgment resolved by the previously appealed order granting the motion was the liability of the landowners to appellee broker for a 10% commission under the terms of the agreement and the uncontested facts. That matter was necessarily included in the prior appeal and cannot be reconsidered.
AFFIRMED.
ORFINGER, C.J., and WATSON, Associate Judge, concur.

. Fla.R.App.P. 9.130(a)(3)(C)(iv).