464 So.2d 1293 (1985)
Charlie WILLIAMS, Jr., and Ulysses Ellis, Appellants,
v.
Rosetta ROUNDTREE, Mary Frances Ford, Mayola Williams, and Harper Roundtree, Jr., Appellees.
No. AY-281.
District Court of Appeal of Florida, First District.
March 7, 1985.
*1294 B. Dale Thompson, Gainesville, for appellants.
T. Allen Crouch of Crouch & Bourguignon, Gainesville, for appellees.
ZEHMER, Judge.
This is an appeal from an order denying appellants' motion to vacate and set aside the final judgment on grounds of clerical mistake and excusable neglect pursuant to rule 1.540, Florida Rules of Civil Procedure. We reverse.
The motion was filed because appellants' counsel claims he was misinformed by court personnel of the correct date of rendition of the judgment and, consequently, failed to timely file an appeal. The series of events is described in the trial court's findings of facts.
The Court signed the Final Judgment on December 22, 1983, the last day the Courthouse was open during the Christmas holidays until December 27, 1983. The Court's Judicial Assistant took the Final Judgment to the Clerk's Office on the date it was signed where it was filed, among other ways, by a rubber-inked stamp implanted upon the extreme upper left corner containing the following words and numerals: `Filed Circuit Civil '83 DEC 22 PM 3 37 Clerk of Circuit and County Court, Alachua County, Fla.' Defendants desired as much time as possible to decide and if affirmative, raise the necessary monies to pursue an appeal. Their trial and later appellate counsel who had approved the Final Judgement as to `form', and who had also received copy of the signed judgment informed them that he needed a definite answer no later than noon, January 23, 1984.
On that date Defendants notified their attorney to proceed with an appeal which he would fain have done that date had his secretary been present.
Counsel telephoned the Clerk's Office to ascertain date of rendition of the Judgment only to learn that the file was checked out to the Trial Judge's Judicial Assistant. Upon telephoning the latter, he was informed that while she had the file, the Final Judgment was in the Clerk's possession. Further, the Assistant promised to retrieve the Judgment and telephone the desired information. This she thought she had done. The Judgment was placed in the file. In plain view at the customary place on the upper right hand side in substantially larger letters than mentioned supra, was the word, `FILED,' and then the following `1983 DEC 27 AM 8:43 Clerk Circuit County Court Alachua County Fl.' The Assistant telephoned counsel that the Final Judgment was filed December 27, 1983, which he interpreted to be the date of rendition as defined by Rule 9.020(g), Fla.R.App.P. Thereupon, counsel failed to file Notice of Appeal until January 24, 1984.
The Court further finds that on the first page of the Final Judgment after the last paragraph appears the following: `661460 O.R. Book 1542 Page 514.' Finally, the first stamp of filing by the Clerk on December 22, 1983, is more difficult to observe than the latter stamp of December 27, supra.
Appellants proceeded with their appeal pursuant to the notice filed January 24, 1984, but we dismissed the appeal for lack of jurisdiction "without prejudice to pursue whatever remedy may be appropriate in the trial court." Appellants then moved to have the judgment set aside and reentered at a later date to enable them to timely *1295 perfect their appeal, contending they were misinformed of the correct date of filing (rendition) by the trial judge's judicial assistant and entitled to relief for a clerical mistake under rule 1.540(a), as construed in Town of Hialeah Gardens v. Hendry, 376 So.2d 1162 (Fla. 1979), or for excusable neglect under rule 1.540(b), as construed in Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971). Both cases approved similar relief under different circumstances where counsel for appellant was shown to be unaware of the date of rendition of the final judgment in time to perfect a timely appeal. In Hendry, the court held that failure of trial counsel to send appellate counsel the correctly dated and rendered judgment, rather than an ineffective one rendered later, constituted a clerical mistake under rule 1.540(a). In Woldarsky, the court held that excusable neglect under rule 1.540(b) was shown where appellant's counsel was not given notice of the rendition of the final judgment until after the time for taking an appeal.
The trial judge was understandably sympathetic with appellants' plight, but ruled that the court did not have authority to grant any relief under rule 1.540 as construed in the cited cases, reciting that any further extension of the rule under those cases must come from a higher court.
Being guided in part by the admonition that the rules of civil procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action" (rule 1.010), we conclude that the unique circumstances of this case fall within the ambit of rule 1.540, as construed in Hendry and Woldarsky. Although appellants' attorney called the court personnel on the last day possible for taking an appeal, the erroneous information supplied to him resulted from excusable neglect, Woldarsky, supra, and amounted to "a `clerical mistake' arising from an `accidental slip or omission.'" Hendry, supra, at 1165.
The appealed order is reversed and the case is remanded for further proceedings in accordance with this opinion.
SMITH and JOANOS, JJ., concur.