DOWNEY, Judge.
Appellee wife filed a petition for dissolution of marriage in the Circuit Court of Palm Beach County, alleging jurisdiction due to her residency in Florida for more than six months. The complaint contained no allegations that the parties ever maintained a marital domicile in Florida or that the husband was ever a resident of said state. In her complaint, appellee sought alimony, child support, and affirmation of a support agreement.
Appellee mailed copies of the petition, summons, and notice of hearing for temporary relief to appellant in North Carolina and thereafter attempted personal service of process on him in that state. A hearing was thereafter held, at which neither appellant nor his attorney appeared. The trial court awarded appellee temporary custody, support, medical and life insurance coverage, and found the support agreement attached to the complaint to be fair and reasonable, but increased the amounts contained therein.
Appellant appeared specially to quash service and to quash the order granting temporary relief. The court found the personal service on appellant defective and further found that the complaint failed to contain the required allegations to effectuate service under the long arm statute. In addition, the court allowed appellee to file an amended petition, which was eventually personally served on appellant. Finally, the trial court refused to quash or vacate the order granting the various aspects of temporary relief. From the order of August 19, 1985, denying appellant’s motion to quash and allowing appellee to amend, and the order of September 5, 1985, allowing appellee to amend her petition and simply serve the appellant’s lawyer, appellant perfected this non-final appeal.
Obviously, the focal point involved here is jurisdiction. When the order for temporary relief was entered the trial court did not have personal jurisdiction over appellant as a result of personal service of process; nor did it obtain jurisdiction by resort to the long arm statute. Section 48.193, Florida Statutes (Supp.1984), sets forth the various acts that authorize one to obtain jurisdiction over a nonresident by use of the long arm statute. Those jurisdictional facts must be alleged in the complaint. Henschel-Steinau Co. v. Harry Shorr, Inc., 302 So.2d 198 (Fla. 4th DCA 1974); Mouzon v. Mouzon, 458 So.2d 381 (Fla. 5th DCA 1984); International Harvester Co. v. Mann, 460 So.2d 580 (Fla. 1st DCA 1984). The complaint involved herein is devoid of any such allegations. It is, therefore, our conclusion that the orders entered by the trial court were entered without personal jurisdiction over appellant and constitute reversible error.
While the non-final appeal in Case No. 85-2113 was pending, the trial court found appellant in contempt and sentenced him to thirty days in jail unless he purged himself. Appellant then filed a petition for writ of prohibition, Case No. 85-2529, attacking the contempt order which he contends was erroneous in view of the jurisdictional defect contained in the entire proceedings because of inadequate service of process.
Having consolidated the two cases for purposes of this opinion, we now treat the petition for writ of prohibition as a non-final appeal, Bender v. First Fidelity Sav. & Loan Ass’n, 463 So.2d 445 (Fla. 4th DCA 1985), and reverse the order of contempt for the same reasons we reverse the temporary relief orders.
*1295 Accordingly, the orders appealed from in Case No. 85-2113 and the order of contempt in Case No. 85-2529 are reversed and Case No. 85-2113 is remanded to the trial court for further proceedings.
WALDEN, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.