568 So.2d 79 (1990)
Rosaire R. BADGER, Appellant,
v.
Sheri-Lyn BADGER, Appellee.
No. 89-1827.
District Court of Appeal of Florida, Fourth District.
September 19, 1990.
Rehearing Denied November 6, 1990.
Isidro M. Garcia of Joseph A. Vassallo, P.A., Lake Worth, for appellant.
John R. Young of Jones and Young, West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant husband seeks review of an order of the trial court which denied his Florida Rule of Civil Procedure 1.540 motion for relief from a previous order holding him in contempt.
In January, 1989, the trial court entered a final judgment of dissolution of marriage, wherein, among other things, the court awarded exclusive possession of the marital home to the wife. The following May, the wife filed a "Motion for Contempt and for Money Judgment," wherein she alleged the husband had broken into the marital home and taken various items of personal property. In due course, after an evidentiary hearing, the trial court entered an order, dated May 19, 1989, finding the husband in contempt and giving him approximately thirty days to purge himself by returning the property. The order further provided:
If the Former Husband fails to purge the contempt, the Former Wife shall file a Motion for Commitment and Affidavit of Noncompliance and the matter will be *80 set for a commitment hearing with notice to the Former Husband by regular U.S. Mail at the address provided to the Court by the Former Husband at the time of the contempt hearing.
On June 1, 1989, the husband filed an "Emergency Motion For Relief From Order," "pursuant to Rule 1.540(b)(3) and (4) Florida Rules of Civil Procedure," alleging various factual matters that he contended warranted vacation of the adjudication of contempt. On June 12, 1989, the trial court denied that motion and the husband perfected this appeal from that order.
We commence by pointing out that the order of May 19, 1989, holding the husband in contempt was a non-final order. Pradas v. Pradas, 561 So.2d 6 (Fla. 3d DCA 1990); Continental Casualty Company v. Morgan, 445 So.2d 678 (Fla. 4th DCA 1984); Langbert v. Langbert, 409 So.2d 1066 (Fla. 4th DCA 1981); Rand v. Rand, 491 So.2d 1293 (Fla. 4th DCA 1986). That being the case, Florida Rule of Civil Procedure 1.540(b) was not available to the husband, since that rule may be directed only to final judgments. The committee note following said rule provides that subsection (b) provides for motion practice to relieve a party upon such terms as are just from a final judgment, decree or order, or proceeding on five specified grounds. It further states, "Moreover, as in the Federal Rule, Rule 1.540(b) does not extend to interlocutory judgments."
Accordingly, the trial court's order denying the husband's emergency motion for relief pursuant to Florida Rule of Civil Procedure 1.540(b) is affirmed.
POLEN and GARRETT, JJ., concur.