PER CURIAM.
We have previously directed the appellant to file a petition for writ of habeas corpus seeking a belated appeal pursuant to In re E.H., 609 So.2d 1289 (Fla.1992). See M.W. v. Dep’t of Children and Families, 769 So.2d 513 (Fla. 1st DCA 2000). The appellant did file a petition with the trial court as directed. However, the petition only addressed the merits of the termination of parental rights order and briefly explained the events surrounding the untimely notice of appeal. The petition did not contain any request for a belated appeal. The trial court summarily denied the petition without stating any findings of fact with respect to the appellant’s entitlement to a belated appeal. As discussed in T.D. v. Dep’t of Health and Rehabilitative Serv., 639 So.2d 704 (Fla. 1st DCA 1994), the appellant should be afforded an opportunity to obtain a review of the merits of her case. Accordingly, we reverse and remand with directions to the appellant to file a petition for habeas corpus relief setting forth the grounds which *1242 entitle the appellant to a belated appeal. The trial court, in ruling on the petition, should provide findings of fact which support the grant or denial of the belated appeal.
REVERSED and REMANDED with directions.
ALLEN, C.J., PADOVANO and LEWIS, JJ., concur.