872 So.2d 931 (2004)
Kenneth and Yvonne POMPI, Roger and Paulette Walker, and Charles Currie, Appellants,
v.
CITY OF JACKSONVILLE, Appellee.
No. 1D03-3175.
District Court of Appeal of Florida, First District.
March 23, 2004.
Rehearing Denied May 21, 2004.
Amy Brigham Boulris of Brigham Moore, LLP, Miami, for Appellants.
Stephen D. Busey and Joel Settembrini, Jr., of Smith, Hulsey & Busey, Jacksonville, for Appellee.
PADOVANO, J.
This is an appeal from an order denying a motion under rule 1.540(b) of the Florida Rules of Civil Procedure. We conclude that the relief requested in the motion is not barred by the doctrine of the law of *932 the case, and that the motion should have been granted on the ground of excusable neglect. Therefore, we reverse.
The appellants were landowners and defendants in an eminent domain proceeding in Jacksonville. A jury determined the value of their property, and the trial judge rendered a final judgment on the verdict. The judgment contains two stamps. One is marked "Filed" and it runs vertically along the right edge of the page. This stamp is printed with narrow and closely spaced characters, but it is legible by a careful examination. It states that the final judgment was filed with the clerk of the court on January 24, 2003. The other stamp is marked "Filed & Recorded" and it runs horizontally. This one is printed in a recognizable typeface and it is easier to read. It reveals that the final judgment was filed and recorded in the official records on January 30, 2003.
When the landowners decided to appeal the final judgment, their lawyers in Jacksonville transferred the case to an appellate lawyer in the firm's Miami office. A secretary in the Jacksonville office called the clerk of the court and was informed that the judgment had been rendered on January 30, 2003. She made a memorandum of this conversation and sent it along with a copy of the judgment to appellate counsel in Miami. The appellate lawyer noticed both stamps on the judgment, but she associated the date in the secretary's memorandum with the stamp marked "Filed & Recorded," rather than the one marked "Filed," and, as a consequence, she calendared the appeal time from January 30, 2003. She filed the notice of appeal on February 28, 2003, in the mistaken belief that it was timely.
The City filed a motion in this court to dismiss the appeal for lack of jurisdiction. Because the notice of appeal appeared to be late, we issued an order to show cause. In response to this order, the landowners requested that the time for appeal be recalculated from January 30, 2003. Alternatively, they requested that the court dismiss the appeal without prejudice to their right to pursue a rule 1.540(b) motion in the trial court. This court dismissed the appeal without an opinion. See Pompi v. City of Jacksonville, 845 So.2d 190 (Fla. 1st DCA 2003). The per curiam decision states in its entirety, "Dismissed."
Following the dismissal of the appeal, the landowners filed a motion in the trial court under rule 1.540(b), contending that the final judgment should be vacated on the ground of excusable neglect. The trial court found that the stamp marked "Filed" plainly showed that the judgment had been rendered on January 24, 2003. Based on this finding, the trial court concluded that the landowners had proper notice of the final judgment and that they were not entitled to relief under rule 1.540(b).
Additionally, the trial court determined that the relief requested in rule 1.540(b), was barred by the doctrine of the law of the case. The trial court reasoned that further litigation of the issue was barred, because this court had declined the opportunity to dismiss the appeal without prejudice. The landowners filed a timely notice of appeal from the order denying the motion to vacate.
At the outset we must determine whether the issue presented by the appeal has been settled as the law of the case. When an appellate court has decided an issue of law, the decision becomes the law of the case and it is binding on the trial court in subsequent proceedings in the same case. See Florida Dep't of Transp. v. Juliano, 801 So.2d 101 (Fla.2001); Brunner Enters., Inc. v. Dep't of Revenue, 452 So.2d 550 (Fla.1984). With limited exceptions, the decision is also binding on the appellate court in future appeals in the *933 same case. See Strazzulla v. Hendrick, 177 So.2d 1 (Fla.1965).
The doctrine of the law of the case is based on the appellate court's decision, not its opinion. For this reason, the Florida courts have held that an appellate decision that is accompanied only by the statement, "Affirmed," is the law of the case. See Canty v. State, 715 So.2d 1033, 1033 (Fla. 1st DCA 1998); Comm'n on Ethics v. Sullivan, 430 So.2d 928, 932 (Fla. 1st DCA 1983); New England Ins. Co. v. Int'l Bank of Miami, N.A., 537 So.2d 1025, 1025-1026 (Fla. 3d DCA 1988); Russell v. Florida Ranch Lands, Inc., 441 So.2d 190, 191 (Fla. 5th DCA 1983). An affirmance, even if unexplained, is a decision on the merits of the case.
That is not true, however, with respect to a dismissal. By its nature, an order dismissing an appeal signifies that the court did not reach the merits. In the present case, the notice of appeal was not filed within the applicable time limit, and we entered an order dismissing the appeal for lack of appellate jurisdiction. This order resolves only the preliminary question whether the court had judicial power to review the judgment. The order does not address, much less adjudicate, the merits of the controversy, and it has no impact on any remedy the parties may have in another forum.
During the oral argument, counsel for the City pointed out that appellate courts occasionally dismiss appeals without prejudice. That observation is unfortunately correct. But in the context of an order dismissing an appeal, the phrase "without prejudice" is unnecessary. It adds nothing to that which is inherent in the order itself. The dismissal of an appeal for lack of appellate jurisdiction is necessarily a decision made without prejudice to the appellant's right to pursue whatever remedies may still exist. The doctrine of the law of the case assumes that an issue was decided in the appellate court. Yet the very point of a dismissal for lack of jurisdiction is that the court lacks judicial power to make a decision.
We also reject the City's alternative argument that the landowners failed to establish excusable neglect. The case for a finding of excusable neglect in this case is at least as strong as the one made in Williams v. Roundtree, 464 So.2d 1293 (Fla. 1st DCA 1985). There, we reversed the denial of a rule 1.540(b) motion in part because a judicial assistant had given counsel the incorrect date of rendition, and in part because the file stamp was "more difficult to observe" than the subsequent recording stamp. Id. 464 So.2d at 1294.
In the present case, the file stamp is legible on close examination, but the form and placement of the stamp make it much less noticeable than the recording stamp. Appellate counsel made a mistake in reading the two stamps. She accepted full responsibility for her error and did not attempt to blame the clerk of the court. We agree that the clerk bears no responsibility, but the fact that a deputy court clerk made precisely the same mistake when reporting the filing date on the telephone is at least some indication that counsel's error was justifiable. Under the circumstances, we think that the error should be excused.
For these reasons, we conclude that the trial court erred in denying the landowners' rule 1.540(b) motion. The proper remedy on remand is to vacate the original final judgment and render a judgment from which the landowners may file a timely appeal.
Reversed.
BOOTH and BROWNING, JJ., concur.