893 So.2d 639 (2005)
In the Interest of B.H., J.C.S., and C.S., children.
V.H., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D02-5378.
District Court of Appeal of Florida, Second District.
February 16, 2005.
John T. Cardillo of Cardillo of Keith & Bonaquist, P.A., Naples, for Appellant.
William Byrne Isaacs, Port Charlotte, for Appellee.
SILBERMAN, Judge.
V.H. (the Mother) appeals an order denying her motion for relief from judgment in this termination of parental rights action. We affirm in part, reverse in part, and remand for further proceedings.
In a prior appeal, this court dismissed the Mother's pro se appeal of the order terminating parental rights for lack of jurisdiction because the notice of appeal had been untimely filed. The Mother then filed a pro se motion for relief from judgment under Florida Rule of Civil Procedure 1.540, which the trial court treated as a motion under the analogous juvenile rule, Florida Rule of Juvenile Procedure 8.270. *640 In her motion, the Mother challenged the termination order on the merits. She also claimed that she had not received timely written notice of the termination order, thus denying her the right to file a timely appeal of the order.
The trial court denied the motion for relief, finding that the grounds attacking the termination order on the merits were not properly raised in a motion for relief from judgment and were matters for direct appeal. The trial court correctly denied the Mother's motion in that respect, and we affirm that portion of the order. The trial court also observed that this court had dismissed the Mother's appeal of the termination order as untimely. The trial court concluded that the doctrines of res judicata, collateral estoppel, and law of the case barred the Mother from arguing the notice issue.
In this appeal, the Mother's counsel does not assert error arising from the order denying the motion for relief from judgment, which is the order now before us. Instead, the Mother's counsel argues that the trial court erred in terminating the Mother's parental rights. Because the termination order is not properly before this court, we cannot consider the merits of the Mother's argument regarding that order.[1] However, we reverse to the extent that the trial court did not consider the Mother's claim regarding lack of notice.
In the prior appeal, we issued an order to show cause why the Mother's pro se appeal of the termination order should not be dismissed as untimely. The Mother filed a response that she entitled "Motion to Show Cause." There, the Mother stated that she told her court-appointed attorney to file an appeal of the termination order and that she waited for a response from this court concerning the appeal. She asserted that after hearing nothing further, she contacted her attorney's office and discovered that her attorney no longer worked there. The Mother eventually located the attorney who said that she was dismissed from the Mother's case and that she never filed the appeal the Mother had requested.
In a civil proceeding, this court cannot grant a belated appeal, and generally the litigant must file a motion in the trial court pursuant to rule 1.540 to obtain relief. See Brigham v. State, 769 So.2d 1100, 1101 (Fla. 1st DCA 2000). In termination of parental rights cases, however, the proper vehicle for relief to obtain a belated appeal is to file a petition for writ of habeas corpus in the trial court. In re E.H., 609 So.2d 1289, 1290 (Fla.1992); M.W. v. Dep't of Children & Families, 792 So.2d 1241, 1241-42 (Fla. 1st DCA 2001). Although the Mother's pro se motion for relief from judgment cited rule 1.540, the motion asserted a basis for habeas relief to file a belated appeal of the termination order.
Our dismissal of the Mother's prior appeal for lack of jurisdiction was not law of the case with respect to the notice issue. See Pompi v. City of Jacksonville, 872 So.2d 931, 933 (Fla. 1st DCA 2004). The Pompi court determined that the trial court erred in denying a rule 1.540 motion on the basis of law of the case and explained as follows:
The dismissal of an appeal for lack of appellate jurisdiction is necessarily a decision made without prejudice to the appellant's right to pursue whatever remedies may still exist. The doctrine of the law of the case assumes that an issue was decided in the appellate court. Yet *641 the very point of a dismissal for lack of jurisdiction is that the court lacks judicial power to make a decision.
Id. Here, this court had no authority to grant the Mother a belated appeal and thus dismissed her appeal for lack of jurisdiction.
Accordingly, we reverse in part the order denying the Mother's motion for relief from judgment and remand for the trial court to consider the motion as a petition for writ of habeas corpus seeking a belated appeal of the termination order. The trial court shall conduct an evidentiary hearing on an expedited basis to determine whether the Mother is entitled to a belated appeal.[2] The trial court should then enter an order with findings of fact to support the grant or denial of a belated appeal. See M.W., 792 So.2d at 1242.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.
NOTES
[1] We also note that a transcript of the termination hearing is not contained in the record on appeal.
[2] Based on the Mother's allegations regarding lack of notice of entry of the termination order, it appears that testimony by the Mother and her former counsel may be necessary for the trial court to resolve the issue presented.