PER CURIAM.
 

 By way of petition for a writ of certiora-ri, Ric Hollifield seeks review of a trial court order that republished a prior non-
 
 *617
 
 final order so that respondents could take a timely appeal in Case No. 1D08-3749. We grant the petition because the circuit court departed from the essential requirements of law in utilizing Florida Rule of Civil Procedure 1.540 to allow an otherwise untimely notice of appeal. We conclude that petitioner has shown sufficient harm to invoke our jurisdiction because he would otherwise be required to appear in an appeal as to which this court has no jurisdiction.
 

 Contrary to the trial court’s conclusion, this case is not controlled by
 
 Pompi v. City of Jacksonville,
 
 872 So.2d 931 (Fla. 1st DCA 2004), whose holding applies to cases where the court or court staff substantially contributed to counsel’s failure to file a timely notice of appeal.
 
 Pompi
 
 and similar cases “all involve situations in which a party’s ability to file a notice of appeal in a timely manner was stymied or hindered by action attributable to the trial court or the clerk.”
 
 David M. Dresdner, M.D., P.A. v. Charter Oak Fire Ins. Co.,
 
 972 So.2d 275, 280 (Fla. 2d DCA 2008). In
 
 Pompi,
 
 counsel excusably missed the deadline for appealing a judgment whose date of rendition was so confusing on its face that a court clerk replicated counsel’s mistake in misreading the date stamp. 872 So.2d at 933. Whatever else may be said of the order at issue here, no action attributable to the circuit court or court personnel contributed to counsel’s neglect in failing to take a timely appeal. Rather, as counsel conceded, the neglect occurred entirely in his office. The trial court did not have authority to grant relief from judgment under such circumstances.
 
 See Dresdner,
 
 972 So .2d at 276 (holding that “a trial court does not have the authority to relieve a party of the consequences of his or her lawyer’s mistake” by using Rule 1.540(b) to effectuate an otherwise untimely appeal);
 
 accord Woldarsky v. Woldarsky,
 
 243 So.2d 629, 630 (Fla. 1st DCA 1971) (authorizing use of rule 1.540(b) “to grant relief to a party desiring to seek review of a final judgment, decree or order, the rendition of which the party was without notice or knowledge,” where party alleged judgment was rendered without any notice or service).
 

 As an alternative ground for issuance of the writ, our review discloses that Rule 1.540(b), under which the trial court granted relief, does not authorize relief from the type of order involved in this case. Rule 1.540 authorizes a trial court to grant relief “from a final judgment, decree, order, or proceeding” — not from a non-final order such as that at issue here. Fla. R. Civ. P. 1.540(b);
 
 see Hialeah Hotel, Inc. v. Woods,
 
 778 So.2d 314, 315 (Fla. 3d DCA 2000) (explaining that “Rule 1.540 applies only to final judgments, not to interlocutory orders”);
 
 Badger v. Badger,
 
 568 So.2d 79, 80 (Fla. 4th DCA 1990) (“We commence by pointing out that the order ... holding the husband in contempt was a non-final order. That being the case, Florida Rule of Civil Procedure 1.540(b) was not available to the husband, since that rule may be directed only to final judgments.”);
 
 see generally Bennett’s Leasing, Inc. v. First St. Mortg. Corp.,
 
 870 So.2d 93, 97-98 (Fla. 1st DCA 2003) (commenting that, because underlying order was non-final, “a motion [for relief pursuant to rule 1.540] addressed to it is not a motion seeking relief from a final judgment, order, decree or proceeding”).
 
 But see Wechsler v. Wechsler,
 
 436 So.2d 1090, 1091 (Fla. 3d DCA 1983) (holding, without elaboration, that party was entitled to relief under rule 1.540(b) from order denying exceptions to general master’s report). To respondents, the trial court granted relief that the rule does not authorize.
 

 
 *618
 
 Accordingly, the circuit court departed from the essential requirements of law and worked irreparable harm to petitioner by granting relief from a non-final order to effectuate an otherwise untimely appeal.
 

 Petition GRANTED.
 

 KAHN, THOMAS, and ROBERTS, JJ, concur.