LAGOA, J.
Michele S. Jacobson and Aline Sklaire, as successor co-trustees of the Jacob C. Sklaire Trust (hereafter “co-trustees”), appeal an order denying their Florida Rule of Civil Procedure 1.540 motion to vacate an April 13, 2009, order. Because the trial court abused its discretion in denying the motion, we reverse.
I. FACTUAL AND PROCEDURAL HISTORY
Following an evidentiary hearing, on April 13, 2009, the trial court signed an order entitled “Order Granting Plaintiffs Motion to Determine Individual Liability of Co-Trustees,” finding that the co-trustees were jointly and severally personally liable to the plaintiff-beneficiary Joyce Sklaire for attorney’s fees and costs. Counsel for all parties received a conformed copy of this order, which had not been stamped “filed for record.” After the co-trustees’ counsel received the order on April 14, he diligently checked the clerk’s online docket on a daily basis to determine the order’s rendition date.
During this same timeframe, the beneficiary sought to execute on the April 13 order. A trial court clerk informed the beneficiary’s counsel (or process server) that the April 13 order could not be located and requested evidence that the trial court had signed the April 13 order. On May 5, the beneficiary’s counsel, on an ex parte basis, provided an identical copy of the April 13 order to the trial court, which the trial court immediately signed. The May 5 order was filed with the Clerk on that same date.
On May 6, 2009, the co-trustees’ counsel once again checked the Clerk’s online *2 docket and discovered that an Order Granting Plaintiffs Motion to Determine Individual Liability of Co-Trustees had been filed of record (ie. rendered) on May 5, 2009, and also learned that a Writ of Garnishment had been issued by the Clerk based upon this Order.
As a result of this discovery and, on that same day, the co-trustees’ counsel traveled to the courthouse to personally review the court file. The co-trustees’ counsel was surprised to see filed in the record a new Order signed on May 5, 2009 and stamped May 5, 2009. The Order was identical in all respects to the Order dated April 13, 2009. However, the April 13, 2009 Order was neither in the court file nor docketed. At that time, a trial court clerk informed the co-trustees’ counsel that the April 13 order had not been filed of record.
Upon learning this information, counsel for the co-trustees called opposing counsel, Brandon Levitt. Mr. Levitt informed the co-trustees' counsel that the original Order signed by the trial court on April 13, 2009 had been lost and never placed “of record” and that he had decided to proceed ex parte to obtain a replacement Order in order to be in a position to obtain a post-judgment Writ of Garnishment and execute upon the judgments. Indeed, Mr. Levitt relied exclusively on the May 5, 2009 Order in order to obtain a Writ of Garnishment to execute against the co-trustees’ assets.
On June 3, 2009, the co-trustees’ counsel filed a notice of appeal of the May 5 order. Jacobson v. Sklaire, Case No. 3D09-1528 (Fla. 3d DCA June 3, 2009). At the time that the notice of appeal was filed, the May 5 order was the only order filed of record or docketed in the trial court below.
In August, while examining the record prepared by the clerk for the appeal in 3D09-1528, the co-trustees’ counsel found that the April 13 order purportedly had been filed of record on April 16. A trial court clerk informed counsel that on July 10 the clerk’s office located the original April 13 order, which was stamped “filed for record” on April 16, and proceeded to docket the order as of April 16 based on the date stamp. Shortly thereafter, the co-trustees filed a verified motion to vacate the April 13 order pursuant to Florida Rules of Civil Procedure 1.540(a) and (b) based on clerical mistake and mistake, inadvertence, surprise or excusable neglect.[1] Following a hearing, the trial court denied the motion.
II. RENDITION OF ORDER
Rule 9.110(b) of the Florida Rules of Appellate Procedure provides that jurisdiction of the appellate court shall be invoked by filing a notice of appeal within 30 days of “rendition” of the order to be reviewed.
Rule 9.020(h) of the Florida Rules of Appellate Procedure further provides that “[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal.” Of significance to this appeal is the third requirement — the filing of the signed, written order with the clerk of the lower tribunal. “An order may be reduced to writing and signed but it is still not rendered within the meaning of rule 9.020(h) until it has been filed.” Philip J. Padovano, Florida Appellate Practice, § 2.3, at 35 (2010).
III. ANALYSIS
On appeal, the co-trustees assert that the trial court abused its discretion in de *3 nying their motion to vacate the April 13, 2009 order. We agree with the co-trustees that they are entitled to reversal because of the trial court clerk’s mistake or excusable neglect in failing to locate the original April 13 order and informing counsel for the co-trustees that the order was not filed of record. As a result of this clerical mistake, the trial court executed a replacement order that was filed by the clerk on May 5. Although the trial court clerk eventually located the April 13 order (three months after it was entered) and purported to docket it nunc pro tunc based on the April 16 stamp date, that does not change the fact that the May 5 order was the only order filed, docketed or otherwise in the court file when the co-trustees’ counsel checked the docket and when they filed their notice of appeal. As the trial court found, the co-trustees did not learn that the clerk had located and docketed the April 13 order until August when the time had expired for filing a notice of appeal.
Based on these circumstances — including the clerk’s representation to co-trustees’ counsel, the representations made to co-trustees’ counsel by the beneficiary’s counsel, the beneficiary’s counsel’s decision to act ex parte, and the fact that the beneficiary relied on the May 5 order as the basis for her post-judgment writ of garnishment — we conclude that the co-trustees properly relied on the rendition of the May 5 order for purposes of pursuing their appeal to this court.
Indeed, at the hearing on the co-trustees’ motion to vacate, the trial court stated that it “should have said this [May 5 Order] vacates the old judgment, because it’s intended to substitute for it, since it is not locatable.” We agree, and we note that had Mr. Levitt not proceeded ex parte, counsel may have nipped this issue in the bud.
In Williams v. Roundtree, 464 So.2d 1293 (Fla. 1st DCA 1985), appellants moved to have the judgment set aside, arguing that the trial court’s judicial assistant misinformed counsel as to the correct date of rendition and that such error was the result of a clerical mistake or excusable neglect justifying Rule 1.540 relief. Relying on this misinformation, the appellants, who had received a copy of the signed judgment, failed to seek timely review of the judgment. The First District reversed the order denying Rule 1.540 relief concluding that the appellants were entitled to relief, as “the erroneous information supplied to [counsel] resulted from excusable neglect,” and amounted to ‘a “clerical mistake” arising from an “accidental slip or omission.’ ” Id. at 1295 (citation omitted) (quoting Town of Hialeah Gardens v. Hendry, 376 So.2d 1162, 1165 (Fla.1979)). See also Chandler v. Fla. Farm Bureau Mut. Ins. Co., 546 So.2d 1179, 1180 (Fla. 4th DCA 1989) (holding that counsel was “entitled to rely on the information given to him by the clerk [of court’s office] in the execution of its ministerial duty” when such reliance on the clerk’s misinformation resulted in the failure to prosecute the case timely); Tessmer v. Walker, 833 F.2d 925 (11th Cir.1987)' (holding that where counsel acted reasonably in determining when judgment was filed counsel was entitled to rely on clerk’s inaccurate information (because of a lost docket sheet) as to whether the order had been entered and was entitled to have judgment vacated and re-entered to restart period for filing notice of appeal).
Similarly, here, the co-trustees’ counsel was “shown to be unaware of the date of rendition,” Williams, 464 So.2d at 1295, as a result of the clerk’s statements that the April 13 order had not been filed of record and that it could not be located. Indeed, the beneficiary’s counsel’s actions in seek *4 ing, ex parte, an identical second order evidences the existence of the problem, and compounded the error as two identical orders now existed — one rendered and one missing in action until July 10. Additionally, it is unacceptable for the beneficiary and her counsel to execute writs of garnishment based on the May 5 order but then claim that the co-trustees were required to appeal from the lost April 13 order.
Accordingly, we conclude that the trial court abused its discretion in denying the motion to vacate the April 13 order.[2]
Reversed and remanded.

. The beneficiary had sought dismissal of the 3D09-1528 appeal as untimely, arguing that the April 13 order should govern for purposes of that appeal. This Court denied the motion to dismiss and relinquished jurisdiction for the trial court to consider the co-trustees’ motion to vacate the April 13 order. After the trial court’s denial of tire motion to vacate, this Court stayed the appeal in 3D09-1528 pending resolution of this appeal.

. See, e.g., Keller v. Belcher, 256 So.2d 561, 563 (Fla. 3d DCA 1971) (noting that under Rule 1.540(a) "clerical mistakes include only errors or mistakes arising from [an] accidental slip or omission”); Pompi v. City of Jacksonville, 872 So.2d 931 (Fla. 1st DCA 2004) (reversing order denying Rule 1.540 relief based on excusable neglect where counsel was misled as to the judgment’s correct rendition date by form and placement of clerk’s filing and recording stamps, and clerk made same mistake when telephonically reporting incorrect filing date to counsel); see also Town of Hialeah Gardens v. Hendry, 376 So.2d 1162, 1164-65 (Fla.1979) (stating that where trial attorney failed to mail order to appellate attorney "trial court obviously concluded that the clerical error resulted from excusable neglect or inadvertence from which the petitioners should be afforded relief, particularly in view of [the trial court’s] entry of a duplicative order .... [T]his clearly constitutes a 'clerical mistake’ arising from an 'accidental slip or omission,' within the purview of Rule 1.540(a).”) (emphasis added).