DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**H.K.,** the father**,**
Appellant,

v.

**DEPARTMENT OF CHILDREN & FAMILIES** and
**GUARDIAN AD LITEM,**
Appellees.

No. 4D19-1916

[July 17, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Alberto Ribas, Jr., Judge; L.T. Case No. 062016DP003569AXXXCE.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Thomasina F. Moore, Statewide Director of Appeals, and Laura J. Lee, Senior Attorney, of Florida Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem.

Ashley Moody, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Fort Lauderdale, for appellee Department of Children & Families.

***ON ORDER TO SHOW CAUSE***

KUNTZ, J.

We dismiss this appeal without prejudice to file a petition for writ of habeas corpus seeking a belated appeal in the circuit court.

The circuit court entered a final judgment of termination of parental rights and permanent commitment of child on April 10, 2019. On June 18, 2019, the father filed a notice of appeal. One day later, we issued an order expediting this appeal and requiring the father to file a conformed copy of the order appealed and any order that tolled the deadline to file a

notice of appeal. When the father failed to respond, we issued an order to show cause as to why the appeal should not be dismissed as untimely.

The day after we issued our order to show cause, the father filed his "response to order suggesting untimely notice and request to accept as belated appeal." The father asks that we accept his notice of appeal as a belated appeal. He explains that the circuit court entered the final judgment on April 10, 2019, but his attorney did not receive notice of the final judgment until May 23, 2019.

The father states that his counsel informed the circuit court of the circumstances at a post-termination hearing. At the hearing, the court allowed counsel until June 13, 2019, to file the notice of appeal. But counsel initially had trouble contacting the father to determine if the father wanted to appeal. When counsel finally reached the father, the father instructed counsel to appeal. Four days later, counsel filed the notice of appeal.

In response to our order to show cause, the father argues that we should accept this belated appeal based on *In Interest of E.H.*, 609 So. 2d 1289 (Fla. 1992). In *E.H.*, the court granted a belated appeal to a mother who missed the 30-day deadline to file an appeal. *Id.* at 1290. The court held that counsel's failure to timely file the notice should not be imputed to the parent when the consequences of counsel's mistake would lead to a "permanent loss of custody." *Id.*

We agree that *E.H.* allows, in some cases, a party in a termination of parental rights case to file a belated appeal. But *E.H.* explains that a "petition for writ of habeas corpus is the proper procedural vehicle for seeking the appeal." *Id.* And a "parent's petition for writ of habeas corpus should be filed with the trial court." *Id.* at 1291. So *E.H.* does not permit this Court to accept a notice of appeal as a belated appeal and to consider the appeal on the merits.

In those circumstances, when a belated appeal might be appropriate in a termination of parental rights case, we must dismiss the appeal without prejudice for the movant to petition the circuit court for a writ of habeas corpus seeking a belated appeal. *See, e.g., J.F.S. III v. State, Dep't of Children & Families*, 224 So. 3d 926, 927 (Fla. 1st DCA 2017); *M.W. v. Dep't of Children & Families*, 792 So. 2d 1241, 1241–42 (Fla. 1st DCA 2001) ("[W]e reverse and remand with directions to the appellant to file a petition for habeas corpus relief [in the circuit court] setting forth the grounds which entitle the appellant to a belated appeal.").

If a petition for writ of habeas corpus is filed in the circuit court, the circuit court should hold an evidentiary hearing on an expedited basis to resolve the petition. *See, e.g., In re B.H.*, 893 So. 2d 639, 641 (Fla. 2d DCA 2005).

The appeal is dismissed as untimely without prejudice to the father's right to seek habeas corpus relief in the circuit court.

*Dismissed.*

LEVINE, C.J., and GERBER, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***