# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1999
Lower Tribunal No. 19-18460

_____

## Columbus Apartments, LLC, etc., et al.,
Appellants,

vs.

## MJM Structural Corp., etc., et al.,
Appellees.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Kula & Associates, P.A., and Elliot B. Kula, W. Aaron Daniel, and William D. Mueller, for appellant.

Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks; Law Offices of George A. Minski, P.A., and George A. Minski (Hollywood), for appellees.

Before FERNANDEZ, C.J., and LINDSEY, and LOBREE, JJ.

LINDSEY, J.

Appellants Columbus Apartments, LLC and Suncoast Construction Group, Inc. (Defendants below) appeal from an order denying their second motion to vacate a foreclosure sale as void. We dismiss for lack of jurisdiction because the order on appeal is not an appealable order.

## I.    BACKGROUND

In June 2019, Appellee MJM Structural Corp. (Plaintiff below), a subcontractor, brought an action to enforce a construction lien against Columbus and Suncoast. On January 12, 2021, the trial court entered a final default judgment awarding damages and a final judgment of foreclosure in favor of MJM. On May 28, 2021, the court entered an amended final judgment, which ordered a foreclosure sale on July 12, 2021. Columbus and Suncoast appealed both the final judgment and the amended final judgment.

On July 9, 2021, Columbus and Suncoast filed an emergency motion in this Court to stay the lower court proceedings. This Court granted a temporary stay and ordered a response from MJM. Following review of MJM's response, this Court lifted the temporary stay on July 20, 2021. While this Court's temporary stay was in place, the property was sold at the scheduled foreclosure sale on July 12, 2021.[1]

---

[1] Appellee Lake Worth Development Land Trust purchased the property.

On July 25, 2021, Columbus and Suncoast filed a motion below seeking to declare the foreclosure sale void because it occurred while this Court's temporary stay was in place.[2] On August 23, 2021, the trial court denied this motion. The next day, Columbus and Suncoast appealed the denial of their motion to declare the foreclosure sale void. On September 21, 2021, while the various appeals were still pending,[3] Columbus filed a second motion to vacate the foreclosure sale, this time pursuant to Florida Rule of Civil Procedure 1.540, which again argued that the sale was void because it occurred during this Court's temporary stay. Columbus also argued inadequacy of the sale price.

On October 5, 2021, the trial court conducted a hearing on the second motion to vacate. At the hearing, Columbus explained it was not challenging the foreclosure judgment, and it focused almost entirely on inadequacy of the sale price. The trial court ultimately denied the second motion to vacate, finding that the sale price was not inadequate "in light of all the circumstances

---

[2] Alternatively, Columbus and Suncoast requested that their motion be treated as an objection to sale. See § 45.031, Fla. Stat. (2021) (authorizing any party to file an objection to sale within ten days after the clerk files the certificate of sale).

[3] In addition to appealing the final judgment, the amended final judgment, and the denial of their motion to vacate the sale, Columbus and Suncoast appealed several post-judgment orders.

in this case." The court also found that Columbus and Suncoast "had their opportunity to exercise their day in court, and they can't just claim total ignorance at this point."

Following the hearing and entry of the order denying the second motion to vacate, Columbus and Suncoast voluntarily dismissed all their pending appeals, including their appeals from the final and amended judgment and their appeal from the first motion to vacate. Columbus and Suncoast then appealed from the order denying the second motion to vacate, which is the appeal now before us.[4]

## II.    ANALYSIS

Columbus and Suncoast contend the underlying order denying their second motion to vacate is an appealable, non-final order pursuant to Florida Rule of Appellate Procedure 9.130(5), which provides, in relevant part, as follows: "Orders entered on an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule."

Florida Rule of Civil Procedure 1.540(b) authorizes motions for relief "from a final judgment, decree, order, or proceeding . . . ." As set forth in the plain language of Rule 1.540(b), only motions seeking relief from *final*

---

[4] Columbus and Suncoast also appealed from an order granting issuance of the writ of possession. But they have not raised any arguments directed at this order in their briefs.

4

judgments, decrees, orders, or proceedings are authorized. See e.g., Lawrence v. Marina Tower of Turnberry Isle Condo. Ass'n, Inc., 323 So. 3d 271, 273 (Fla. 3d DCA 2021) ("Our Supreme Court plainly indicated that [Rule 1.540(b)] is applicable to seek vacatur of orders that are *final*."); Bryant v. Wells Fargo Bank, N.A., 182 So. 3d 927, 930 (Fla. 3d DCA 2016) ("[A] motion to vacate pursuant to Rule 1.540(b) cannot be directed toward non-final orders such as the writ of possession, an order here."); Hollifield v. Renew & Co., Inc., 18 So. 3d 616, 617 (Fla. 1st DCA 2009) ("Rule 1.540 authorizes a trial court to grant relief 'from a final judgment, decree, order, or proceeding'-not from a non-final order such as that at issue here."); Philip J. Padovano, 5 Fla. Prac., Civil Practice § 13:8 n.2 (2022 ed.) ("The remedy afforded by rule 1.540 applies only to final judgments.").

Here, the second motion to vacate was not directed at a final order or a proceeding that resulted in a final order; it was directed solely at the post-judgment foreclosure sale.[5] Moreover, Columbus and Suncoast are not challenging the underlying final judgment.[6] Consequently, the second

---

[5] Section 45.031, Florida Statutes (2021), provides a mechanism for objecting to a foreclosure sale.

[6] We note there is case law authorizing Rule 1.540 as a basis for vacating a foreclosure sale when a party is also seeking to vacate the underlying final judgment of foreclosure, but that is not the situation here. See Chase Home Loans, LLC v. Sosa, 104 So. 3d 1240 (Fla. 3d DCA 2012).

motion to vacate is not an authorized motion pursuant to Rule 1.540, and we are compelled to dismiss for lack of jurisdiction.

Dismissed.