933 So.2d 32 (2006)
Andre L. GRANT, Appellant,
v.
Cheryl JONES, Appellee.
No. 1D05-5644.
District Court of Appeal of Florida, First District.
May 11, 2006.
Rehearing Denied July 10, 2006.
*33 Andre L. Grant, pro se, Appellant.
Charlie Crist, Attorney General, and William H. Branch, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Upon consideration of the appellant's response to the Court's order of February 28, 2006, the Court has determined that it lacks jurisdiction in this appeal.
The notice of appeal identifies the "Order Denying Defendant's Motion to Strike Order Vacating Order of July 12, 2004," entered by the lower tribunal on November 4, 2005, as the order of which review was sought. In denying the motion to strike, the lower tribunal interpreted the motion as seeking rehearing of its earlier final order vacating a July 12, 2004, order and thereby reinstating a child support order, an income deduction order, and a driver's license suspension resulting from nonpayment of child support. Although a timely and authorized motion for rehearing will delay rendition of a final order, see Florida Rule of Appellate Procedure 9.020(h), an order denying a motion for rehearing is not independently reviewable. Fla. R.App. P. 9.130(a)(5). Thus, to the extent that the appellant seeks review of the order denying his motion for rehearing, the Court lacks jurisdiction to review the order.
Moreover, the appeal is untimely with respect to the underlying "Order Vacating Order of July 14, 2004." Because *34 the appellant's motion to strike was served more than ten days after the Order Vacating Order of July 14, 2004, was filed in the lower tribunal, the motion was untimely and failed to delay rendition of the order. Fla. R. Civ. P. 1.530(b); Fla. R.App. P. 9.020(h). Thus, the appellant's notice of appeal, which was filed more than 30 days following rendition of the final order, failed to timely invoke the Court's jurisdiction to review the underlying order. Accordingly, the appeal is hereby dismissed for lack of jurisdiction.
ALLEN, WOLF, and WEBSTER, JJ., concur.