PER CURIAM.
 

 The appellant seeks review of two orders entered by the lower court in a post-judgment proceeding in a mortgage foreclosure case. The first of these is an order entered on November 18, 2008, vacating and setting aside a previous order directing the clerk of the court to distribute surplus funds. The second is an order entered on December 12, 2008, denying a motion for rehearing, or in the alternative
 
 *279
 
 an order denying a motion for relief from the November 18th order. This court lacks jurisdiction to review either order.
 

 The notice of appeal is untimely as to the November 18th order vacating the prior order directing the clerk to distribute the surplus funds, because it was filed more than thirty days from the date of rendition of the order.
 
 See
 
 Fla. R. App. P. 9.110(b). Rendition can be suspended by an “authorized motion.” Fla. R. App. P. 9.020(h). A motion for rehearing is an authorized motion only when it is directed to a previous final order. Because the November 18th order was not a final order, the subsequent motion for rehearing was not an authorized motion and it did not have the effect of suspending the jurisdictional time limit for taking an appeal.
 
 See Wagner v. Bieley, Wagner Assocs., Inc.,
 
 263 So.2d 1 (Fla.1972).
 

 Nor does the court have jurisdiction to review the December 12, 2008 order styled as an “Order Denying Motion for Rehearing, Reconsideration, and/or Clarification or, in the Alternative, Motion for Relief from the November 18, 2008 Order.” An order on a motion for rehearing is not appealable in its own right.
 
 See Grant v. Jones,
 
 933 So.2d 32 (Fla. 1st DCA 2006);
 
 Cole v. State,
 
 905 So.2d 905 (Fla. 1st DCA 2005). An authorized and timely motion for rehearing merely suspends the date of rendition of the order to which it was directed; it does not set in motion another controversy that will become the subject of a separate appeal.
 

 The appellant argues that because its motion also sought to set aside the lower court’s November 18, 2008 order under Florida Rule of Civil Procedure 1.540(b), the order denying that motion is appeal-able pursuant to Florida Rule of Appellate Procedure 9.130(a)(5). This would be a valid argument if the motion to vacate had been directed to a previous final order.
 
 See Bennett’s Leasing, Inc. v. First Street Mortgage Corp.,
 
 870 So.2d 93, 98 (Fla. 1st DCA 2003). But in this case, the appellant sought to vacate a post-judgment order that could only be characterized as a nonfi-nal order in the post-judgment proceeding. The November 18, 2008 order vacated a prior order directing the clerk to distribute the surplus funds. This order did not finally adjudicate the rights of any party to the surplus funds. To the contrary, it had the effect of re-opening the post-judgment proceeding. When that proceeding is completed in the trial court any party aggrieved by the trial courts final decision may file an appeal. All we have at present is an order denying a previous nonfinal order in a post-judgment proceeding that is not yet concluded. Because the December 12, 2008 order denied a motion to vacate a previous nonfinal order, it does not qualify as an order under rule 1.540 and it is not appealable under rule 9.130(a)(5).
 

 Dismissed.
 

 PADOVANO, BROWNING, and THOMAS, JJ., concur.