PER CURIAM.
Plaintiff below appeals from a nonfinal order vacating a default and default judgment on liability. We dismiss the appeal, as the order is not an appealable nonfinal order under Fla. R.App. P. 9.130.
Plaintiff sued defendant for a variety of claims arising from his alleged sexual assault upon her. Throughout the civil litigation, defendant, who has a second-grade education and is illiterate, has been incarcerated awaiting trial on the criminal charges. His defense to both the civil and criminal actions is that the sexual encounter was consensual. Defendant has won seven million dollars in the Florida lottery.
Defendant retained counsel at the cost of $15,000.00 to defend him in the civil action. His attorney failed to file a timely answer to the complaint, and upon plaintiffs motion for default, entered into an agreed order that a default would be entered, but would be vacated if defendant’s counsel filed an answer by noon on July 24, 1997. Counsel filed the answer at 2:11 p.m. on July 24,1997.
Plaintiffs attorney mailed a request for production to defendant’s attorney, requesting various financial and legal records. Defendant’s attorney did not respond; plaintiff moved for sanctions. The trial court struck defendant’s responsive pleadings and entered a judgment on liability against him. Defendant, who was incarcerated, had not been informed of the default judgment; no pleadings had been sent to him and he was not aware that his lawyer was not pursuing his case. He learned later that he had “lost” his case and that his first lawyer was no longer representing him.
Defendant filed a complaint with the Florida Bar detailing the attorney’s neglect. Defendant also hired two new lawyers: George Garcia and Humberto Hernandez, both of whom were soon indicted on criminal charges not related to this action and neither of whom could pursue his defense.
Defendant then retained his fourth and present lawyer in March of 1998, who upon reviewing defendant’s file immediately filed a motion to vacate the default and default judgment pursuant to Fla. R. Civ. P. 1.540. His motion was heard; the trial court reviewed defendant’s sworn statement and then granted the motion and reinstated defendant’s answer.
The order is not an appealable nonfinal order, as it is simply an interlocutory order setting aside a default as to liability only, and imposing sanctions. “If a final judgment has not yet been rendered, an order setting aside the default will not be appealable.” Phillip J. Padovano, Florida Appellate Practice § 22.16, at 432 (2d ed.1997); see also M & M Aircraft Servs., Inc. v. J.D. Valenciana de Aviacion, Inc., 644 So.2d 548 (Fla. 3d DCA 1994) (holding that an order setting aside a default, and not a default judgment, is not an appealable nonfinal order and is also not reviewable by certiorari); Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988) (holding that rule 1.540 “provides for the review of final judgments, orders, and decrees only.”).
Appeal dismissed.