774 So.2d 727 (2000)
NATIVE HAMMOCK NURSERY, INC., Appellant,
v.
E.I. DuPONT DE NEMOURS & COMPANY, Appellee.
No. 3D99-1558.
District Court of Appeal of Florida, Third District.
September 27, 2000.
Rehearing Denied January 3, 2001.
Fowler, White, Burnett, Hurley, Banick & Strickroot and Steven E. Stark and June G. Hoffman, for appellant.
Carlton, Fields, Ward, Emmanuel, Smith & Cutler and Wendy F. Lumish and Matthew J. Conigliaro, for appellee.
Before GODERICH, FLETCHER, and SHEVIN, JJ.
FLETCHER, Judge.
Native Hammock Nursery, Inc. [the Nursery] appeals an order denying its motion for relief from final judgment filed pursuant to Rule 1.540(b), Florida Rules of Civil Procedure. We reverse the order and direct further proceedings.
The central issue is whether the Nursery's 1.540(b) motion was timely filed. The initial facts of this matter may be found in E.I. DuPont de Nemours & Co. v. Native Hammock Nursery, Inc., 698 So.2d 267 (Fla. 3d DCA 1997). The Nursery brought a products liability action against E.I. DuPont de Nemours & Company [DuPont], alleging that DuPont's fungicide damaged the Nursery's plants. A final judgment for DuPont was set aside by the trial court based on the Nursery's post-trial motions, and a new trial was ordered. On appeal this court vacated the new trial order with directions to the trial court to reinstate the original final judgment for DuPont. This court's mandate was issued on September 5, 1997. E.I. DuPont de Nemours & Co., 698 So.2d 267. The Nursery then sought certiorari review of our decision by the Florida Supreme Court. Native Hammock Nursery, Inc. v. E.I. DuPont de Nemours & Co., 707 So.2d 1126 (Fla.1998). That court denied review on January 28, 1998, at which time the original *728 judgment became final.[1]See Watkins v. Gilbride Heller & Brown, P.A., 754 So.2d 759 (Fla. 3d DCA 2000).
The next significant event was the Nursery's motion filed on September 18, 1998 which motion invoked reasons 2 and 3 of Rule 1.540(b). DuPont argues that this filing was not within the Rule 1.540(b) one-year limitation which governs reasons 1, 2 and 3 of the Rule.[2] The controlling dates, DuPont argues, are September 5, 1997, that of the issuance of this court's mandate directing the reinstatement of the original judgment, and September 18, 1998, the date of the Nursery's filing of its Rule 1.540(b) motionclearly dates separated by more than one year. Thus, argues DuPont, the Nursery's motion is not permitted by Rule 1.540(b), and the trial court's order must be affirmed.
The Nursery, relying on Watkins v. Gilbride Heller & Brown, P.A., argues that there was no final judgment entered until the Florida Supreme Court denied the Nursery's petition for certiorari review on January 28, 1998clearly less than one year before the Nursery filed its 1.540(b) motion on September 18, 1998, thus the 1.540(b) motion was timely filed. We agree with the Nursery that there was no final judgment to be attacked by Rule 1.540(b) motion until the supreme court made its determination on the Nursery's review petition. Indeed, there was no final judgment entered at all as our mandate was not complied with. With no judgment to attack, a 1.540(b) motion is an exercise in futility.
As the Nursery's motion clearly demonstrated the requisite colorable entitlement to Rule 1.540(b) relief, we reverse the order appealed and remand with directions to the trial court to allow appropriate discovery and to conduct evidentiary hearings thereon.
Reversed and remanded with directions.
NOTES
[1] Or did it? As of the date of this appeal the trial court had not complied with our mandate by ordering the reinstatement of the original judgment.
[2] Rule 1.540(b), Florida Rules of Civil Procedure, reads in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic) misrepresentation, or other misconduct of an adverse party; ... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken...."