870 So.2d 93 (2003)
BENNETT'S LEASING, INC., Creditor, Appellant,
v.
FIRST STREET MORTGAGE CORPORATION, etc., Appellee.
No. 1D02-4856.
District Court of Appeal of Florida, First District.
November 25, 2003.
*94 Glenn K. Allen, of Glenn K. Allen, P.A., Jacksonville, for Appellant.
David E. Otero and Jacob A. Brown, of Akerman Senterfitt, Jacksonville, for Appellee.
BENTON, J.
Bennett's Leasing, Inc. (Bennett's), is a creditor of First Street Mortgage Corporation (FSMC), an insolvent corporation whose assets were assigned for the benefit of creditors under chapter 727, Florida Statutes (Supp.1998), originally to Michael Moecker and Associates, Inc. After a superseding assignment to Michael Moecker, individually, and three months after entry of an interlocutory order confirming the superseding assignment, Bennett's moved to vacate the interlocutory order. Eventually the trial court entered the amended order denying the motion to vacate from which (along with the order denying rehearing) Bennett's now appeals. We dismiss the appeal for lack of jurisdiction.
Proceedings below began on December 15, 1998, when FSMC assigned its assets for the benefit of creditors to Michael Moecker and Associates, Inc. On January 11, 1999, Bennett's filed a claim (for $89,476.99 for services rendered and equipment sold or leased to FSMC) and its "Motion to Dismiss Chapter 727 Action," in which, arguably, it alluded to the statutory prohibition against non-bank corporate assignees "under any assignment for the benefit of creditors." § 660.41(3), Fla. Stat. (1997) (prohibiting a corporation that is neither a bank, an association as defined in chapter 665, nor a trust company from acting "[a]s assignee ... of any insolvent... corporation or under any assignment for the benefit of creditors."). On February 17, 1999, however, Bennett's withdrew its motion to dismiss "without prejudice [to] ... its[] objection to Assignor's/Assignee's Chapter 727 action."
On May 22, 2002, the corporate assignee filed a motion to substitute "Michael Moecker, individually, for Michael Moecker & Associates, Inc., as Assignee...." The trial court granted the motion the following day, entering an order substituting "Michael Moecker, individually, ... for Michael Moecker & Associates, Inc., as Assignee in this assignment for the benefit of creditors nunc pro tunc to the Filing Date of December 15, 1998."
On August 25, 2002, Bennett's moved to vacate this order, in hopes apparently of securing another, completely independent assignee who would undo everything the corporate assignee had done. Bennett's argued that the assignment to the corporate assignee on December 15, 1998, and every action taken since the date of the assignment, including each sale of assets, all payments of professional fees, and the motion to substitute assignee itself[1] were *95 void under section 660.41(3), Florida Statutes (1997).
The trial court denied the motion to vacate, ruling in an amended order[2] entered on October 28, 2002:
4. By failing to assert its defense to these proceedings during the nearly four years for which it has been pending, Bennett has waived its right to assert that defense.... [T]he right to raise this issue existed at the time this case was filed by MMA [Michael Moecker and Associates, Inc.] on December 15, 1998. Bennett either actually knew and raised the argument of the capacity of MMA to serve as an assignee on January 11, 1999, or because of the existence of § 660.41(3), Fla. Stats., had constructive knowledge of the argument. Bennett signified its intention to relinquish such argument either in its withdrawal of its motion to dismiss on February 17, 1999, or in its failure to raise this issue throughout the pendency of the case. Viewed from another perspective, Bennett's silence as to the issue of MMA's capacity all these years, constitutes grounds for finding a procedural waiver....
. . . .
6.... Regardless of whether MMA or Michael Moecker, individually, served as the assignee of First Street Mortgage Corp., the Court Approved Acts were necessary to enforce or carry out the provisions of Chapter 727. If the Court were to try to und[o] the process at this time, it would be contrary to the provisions of Chapter 727.
Bennett's filed a motion for rehearing, which the trial court denied on November 12, 2002. Bennett's filed its notice of appeal on November 18, 2002.
On January 16, 2003, we issued an order to show cause "why this appeal should not be redesignated as an appeal of a nonfinal order." Bennett's responded, contending that the amended order entered October 28, 2002, is in fact a final order since it "permits the illegal assignee(s) to conduct transactions which will and have divested the rights of [Bennett's]." We rejected this contention by order entered February 5, 2003, and do so again today.
*96 The basic rule is that a judgment or order is final if it brings to a close all judicial labor in the lower tribunal. See GEICO Fin. Servs., Inc. v. Kramer, 575 So.2d 1345, 1346 (Fla. 4th DCA 1991); Pruitt v. Brock, 437 So.2d 768, 773 (Fla. 1st DCA 1983). Since the order entered May 23, 2002, approving the substitution of assignees did not bring judicial labor to an end, it was not a final order. A fortiori, the amended order entered October 28, 2002, denying the collateral attack on the interlocutory order entered May 23, 2002, did not bring judicial labor to an end, either, and is also non-final. FSMC's assets remain to be distributed in the proceeding still pending below, as Bennett's acknowledged in its initial brief when it stated "that a final judgment/order has not occurred in this proceeding with a final distribution of assets and discharging the assignee."
Bennett's, which has been afforded two opportunities to address the jurisdictional question in the present case (most recently by order entered September 15, 2003), has argued that the amended order entered October 28, 2002, was, even if a non-final order, nevertheless appealable
pursuant to Fla. R.App. P. 9.130(a)(5), as an Appeal of a non-final order entered on a motion filed under Fla. R. Civ. P. 1.540(b), reason (4) "that the judgment or decree is void", pursuant to Florida Statute, § 660.41(3), which prohibits corporations from acting as an assignee.
... In addition, pursuant to Fla. R.App. P. 9.130(3)(C)(i) which allows review of non-final orders which have determined "the jurisdiction of the person". Appellant maintains that the assignment to a corporation was illegal pursuant to Florida law and that this prevented the corporation from being able to serve as an assignee. In personam jurisdiction is based on the particular court having legal authority over the person. As the corporation was prevented by Florida law from serving as an assignee, the corporation did not have the ability to appear or be recognized by the lower court or to Motion to Substitute the Assignee which is a material argument of the Appellant's Appeal.
Although at one point we deemed these proceedings "an appeal of a nonfinal order pursuant to Florida Rule of Appellate Procedure 9.130(a)(5) (2002)," closer analysis persuades us that we lack jurisdiction under Florida Rule of Appellate Procedure 9.130, just as we lack jurisdiction under Florida Rule of Appellate Procedure 9.110.
To take the second argument Bennett's makes first, this appeal is not cognizable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i), which authorizes review of non-final orders that "determine ... the jurisdiction of the person." As explained in Nat'l Lake Devs., Inc. v. Lake Tippecanoe Owners Ass'n, Inc., 395 So.2d 592, 593 (Fla. 2d DCA 1981),
the term `jurisdiction of the person' refers to [issues such as defects in] service of process or the applicability of the long arm statute to nonresidents [and] .... in the present case [Bennett's] ha[s] not raised such matters. Indeed, it would not even be their place to do so on behalf of [other parties]. The right to challenge jurisdiction has always been reserved to the person over whom the court is asserting jurisdiction.
Bennett's participated voluntarily below, seeks to continue to do so, and complains (belatedly) in effect only that the new, individual assignee has a conflict of interest on account of his affiliation with the prior corporate assignee that Bennett's contends was statutorily disqualified. Florida Rule of Appellate Procedure *97 9.130(a)(3)(C)(i) does not apply in these circumstances.[3]
We turn now to the remaining theory Bennett's advances in support of its position that the court has jurisdiction to review the amended order entered on October 28, 2002. In this branch of its argument, Bennett's relies on Florida Rule of Appellate Procedure 9.130(a)(5), which authorizes review of orders entered on motions filed under Florida Rule of Civil Procedure 1.540: "Orders entered on motions filed under Florida Rule of Civil Procedure 1.540 ... are reviewable by the method prescribed by this rule." Fla. R.App. P. 9.130(a)(5)(2002). But Bennett's motion to vacate was not "filed under Florida Rule of Civil Procedure 1.540." See supra note 1. Importantly, apart from the fact that the motion to vacate did not state that it was being filed under Florida Rule of Civil Procedure 1.540, rule 1.540 authorizes motions seeking relief only from "a final judgment, decree, order, or proceeding." Fla. R. Civ. P. 1.540(b) (emphasis supplied). Since the order allowing the substitution of assignees is a non-final order,[4] *98 a motion addressed to it is not a motion seeking relief from a final judgment, order, decree or proceeding. An order entered on a motion to vacate a non-final order, even where the motion mislabels the non-final order as final, is not reviewable under Florida Rule of Appellate Procedure 9.130(a)(5). See Hi-Tech Mktg. Group, Inc. v. Thiem, 659 So.2d 479, 479 (Fla. 4th DCA 1995) ("Appellant seeks review of a non-final order denying its motion to vacate a non-final order striking its pleadings as a discovery violation sanction. This is not a `final order' as contemplated by rule 1.540(b) Florida Rules of Civil Procedure; therefore, this appeal must be dismissed sua sponte for lack of jurisdiction.").[5]
Bennett's has not asked that its notice of appeal be treated as a petition for writ of certiorari, nor would we be inclined to grant such a request. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098-99 (Fla.1987) ("[C]ommon law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders.... A non-final order for which no appeal is provided by Rule 9.130 is reviewable by petition for certiorari only in limited circumstances."); Malone v. Costin, 410 So.2d 569, 570 (Fla. 1st DCA 1982) ("It is anticipated that since only the most urgent interlocutory orders are appealable under rule 9.130 ..., there will be very few cases where common law certiorari will provide relief.").
Accordingly, the appeal is dismissed.
BARFIELD and VAN NORTWICK, JJ., concur.
NOTES
[1] In its motion to vacate, Bennett's also argued that the order substituting assignees should be vacated on the ground that the "Motion to Substitute Assignee" was untimely under Rule 1.540(b), Florida Rules of Civil Procedure (2002), because it had been filed more than a year after the order confirming the original assignment. But the order confirming the original assignment, which was entered on December 15, 1998, the day the proceedings began, was not a final order. Florida Rule of Civil Procedure 1.540(b) (2002), provides:

[T]he court may relieve a party ... from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud..., misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken."
The trial court recognized that a purpose of the motion to vacate the order granting the "Motion to Substitute Assignee" was the desire to substitute an assignee willing to challenge virtually everything the corporate assignee had done in the proceeding, stating:
5. ... In addition, under Fla. R. Civ. P. 1.540(b), after one year, a court may not set aside a voidable judgment. Thus, the Motion is [in effect] a tardily filed collateral attack o[n] the Court Approved Acts.
Responding to this characterization in its motion for rehearing, Bennett's asserted that "contrary [t]o the Court's finding in [the amended order] ... the Motion is not a tardily filed collateral attack of the Court Approved Acts." Despite these allusions to the rule, the record is clear that Bennett's did not, as a technical matter, file its motion to vacate under Florida Rule of Civil Procedure 1.540.
[2] On October 14, 2002, the trial court inadvertently entered two separate orders on the single motion to vacate that Bennett's filed. The trial court entered an amended order replacing and consolidating the two earlier orders on October 28, 2002.
[3] All the amended order Bennett's asks us to review did was leave intact a non-final order entered some five months earlier. Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i) (2002) provides:

(3) Appeals to the district courts of appeal of non-final orders are limited to those that
. . . .
(C) determine
(i) the jurisdiction of the person;....
Bennett's does not argue that Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) (authorizing review of non-final orders determining "the right to immediate possession of property") or Florida Rule of Appellate Procedure 9.130(a)(3)(D) (authorizing review of non-final orders that "grant or deny the appointment of a receiver, and terminate or refuse to terminate a receivership") applies.
[4] Unlike a final judgment, the order substituting assignees did not "determine[] the rights of the parties and dispose[] of the cause on its merits leaving nothing more to be done other than to enforce the judgment." Donaldson Eng'g, Inc. v. City of Plantation, 326 So.2d 209, 210 (Fla. 4th DCA 1976).

Even in probate proceedings, where appeals are allowed "from judgments and orders finally determining the substantial right of a party to pursue a claim even though the last order of the probate court may not have been entered," Howard v. Baumer, 519 So.2d 679, 681 (Fla. 1st DCA 1988), it is not clear that an order merely substituting fiduciaries is appealable. See Tyler v. Huggins, 175 So.2d 239, 240 (Fla. 2d DCA 1965) (disallowing appeal from an "order ... setting aside and declaring void ab initio letters of administration"); In re Estate of Maxcy v. Stulting, 165 So.2d 446, 447 (Fla. 2d DCA 1964) (disallowing appeal from an order accepting the resignation of the administratrix).
At issue is whether the order substituting assignees is final, not whether it was itself appealable, before the thirty days for appeal ran. We note that appeals may lie from analogous orders in bankruptcy proceedings. See 28 U.S.C. § 158(a) (2003) ("The district courts of the United States shall have jurisdiction to hear appeals ... with leave of the court, from interlocutory orders and decrees"); Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373-75[, 101 S.Ct. 669, 66 L.Ed.2d 571] (1981) (explaining that the collateral order doctrine, which permits review of non-final orders that "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment," is a "practical rather than a technical construction" of 28 U.S.C. § 1291, which vests the federal courts of appeals with "jurisdiction of appeals from all final decisions of the district courts ... except where a direct review may be had in the Supreme Court"); In re Plaza de Diego Shopping Ctr., 911 F.2d 820, 826 (1st Cir.1990) (holding that district court's order appointing Mr. Fuste as trustee, contrary to the United States Trustee's wishes, is an appealable "final decision of a significant and discrete dispute"); Blinder, Robinson & Co., Inc. v. Keller, 131 B.R. 872, 876 (D.Colo. 1991) (granting leave to appeal bankruptcy court's order denying creditor's objection to the retention of trustee by treating appellant's notice of appeal as a motion for leave to appeal under rule 8003, Federal Rules of Bankruptcy Procedure, or alternatively, under the collateral order exception); In re United States Lines, Inc., 1991 WL 67464, at *4 (S.D.N.Y. April 22, 1991) (allowing appeal from order appointing successor co-trustees since "even if this order is interlocutory" the district court judge was willing to "treat appellants' papers as an application" for leave to appeal); In re St. Charles Pres. Investors, Ltd., 112 B.R. 469, 472 (D.C.1990) (allowing appeal from order denying appellants' motion to confirm the election of the permanent trustee because the order denied appellants' "their status as creditors to assert claims and their right to participate in the election of a trustee," thereby "conclusively determin[ing] a separable dispute over a creditor's claim or priority," or alternatively, because the order is collateral and final under the collateral order exception).
This pragmatic approach parallels that taken by section 120.68(1), Florida Statutes (2002), which provides: "A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an adequate remedy."
Appeals from orders in proceedings under chapter 727, Florida Statutes (2002) are governed, however, by Florida Rules of Appellate Procedure 9.110 and 9.130 (2002). See Art. V, § 4(b)(1), Fla. Const. Our opinion in Moecker v. Antoine, 845 So.2d 904 (Fla. 1st DCA 2003) does not say otherwise. The Antoine opinion does not, indeed, even mention the jurisdictional question. See generally F.B. v. State, 852 So.2d 226, 228-29 (Fla.2003).
[5] See also Native Hammock Nursery, Inc. v. DuPont de Nemours & Co., 774 So.2d 727, 728 (Fla. 3d DCA 2000) ("With no judgment to attack, a 1.540(b) motion is an exercise in futility."); Nolan's Towing & Recovery v. Marino Trucking, Inc., 581 So.2d 644, 645 (Fla. 3d DCA 1991) ("[A] motion for relief from judgment under Rule 1.540(b), Florida Rules of Civil Procedure, may only be directed to a `final judgment, decree, order or proceeding....' As the order granting summary judgment was not a final order, the motion filed by appellant could not be brought under Rule 1.540(b) ....") (citations omitted).