PER CURIAM.
Appellant seeks review of a Final Judgment in Favor of Plaintiff, entered May 4, 2012 (“Final Judgment”), and an Order Denying Motion for Rehearing and Motion to Set Aside Final Judgment, entered May 21, 2012 (“Order on Motions”). The notice of appeal, filed June 18, 2012, was filed within 30 days of the Order on Motions but not within 30 days of the Final Judgment. In the Final Judgment, the trial court reserved jurisdiction to enter a judgment for nominal damages on appellant’s trespass claim, contemplating that a future evidentiary hearing to determine the amount may be required. Otherwise, the Final Judgment appears to resolve the claims raised in the proceedings below, all of which arose from a boundary dispute and appellees’ excavation and use of portions of appellant’s land to dump debris. However, the Court lacks jurisdiction to review the orders at this time because no final order has been entered in this case and, to the extent that the Final Judgment determined the right to immediate possession of property, appellant’s notice of appeal failed to invoke the Court’s jurisdiction.
An order is reviewable as a partial final judgment when it resolves a separate and distinct cause of action. See Fla. R.App. P. 9.110(k). However, an order is not reviewable as final under this rule where there is a factual overlap between the pending claims and the claims resolved by the order. Jensen v. Whetstine, 985 So.2d *1251 1218, 1220 (Fla. 1st DCA 2008). Contrary to appellant’s position on appeal, for purposes of bringing this appeal, the Final Judgment does not finally resolve appellant’s ejectment claim irrespective of the trial court’s reservation of jurisdiction because the ejectment claim and the trespass claim both arise out of a common set of facts. Therefore, the order is not an ap-pealable partial final judgment. To the extent that the Final Judgment was immediately reviewable as a nonfinal order under rule 9.130, appellant’s notice of appeal failed to timely invoke the Court’s jurisdiction. See Fla. R.App. P. 9.110(b). Rendition of a nonfinal order is not delayed by a motion for rehearing. Ward v. Bragg, 957 So.2d 670, 671 (Fla. 1st DCA 2007). Therefore, the Final Judgment was rendered when it was filed, see Fla. R.App. P. 9.020(h), and appellant’s notice of appeal filed more than 30 days after rendition was untimely. Finally, the Order on Motions is neither a final order nor an appealable nonfinal order entered after final judgment. See Bennett’s Leasing, Inc. v. First Street Mortgage Corp., 870 So.2d 93, 98 (Fla. 1st DCA 2003).
DISMISSED.
CLARK, MARSTILLER, and MAKAR, JJ., concur.