# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-78
Lower Tribunal No. 08-52928
_____


**Annette Bryant,**
Appellant,

vs.

**Wells Fargo Bank, N.A., etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Eugene J. Fierro, Senior Judge, and Beatrice Butchko, Judge.

Annette Bryant, in proper person.

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, and Diana B. Matson, Joshua R. Levine, and Eve A. Cann (Fort Lauderdale) for appellee.


Before LAGOA, EMAS, and SCALES, JJ.

ON MOTION TO DISMISS

LAGOA, J.

The appellant, Annette Bryant (Bryant) appeals from several orders in this foreclosure case. We dismiss the appeal for lack of jurisdiction.

This appeal stems from a foreclosure case filed by the appellee, Wells Fargo Bank, N.A. (the "Bank"), against Bryant and other defendants in September, 2008. After a non-jury trial, the trial court entered a Final Judgment of Foreclosure in favor of the Bank on June 23, 2011. After several delays, the property at issue was sold to the Bank at a public foreclosure auction on February 9, 2012. On February 27, 2012, the certificate of title was issued in the name of the Bank. On July 30, 2012, the trial court entered an Order for Writ of Possession in favor of the Bank.

After another defendant filed a bankruptcy petition, which was later dismissed and closed, the Bank filed what was by then its second motion for alias writ of possession on October 17, 2013. Bryant filed a motion for extension of time to respond to the Bank's motion. On November 18, 2013, the trial court entered an Order for Alias Writ of Possession ("Writ of Possession"), ordering the clerk to issue an alias writ of possession putting the Bank in exclusive possession of the property.

On November 22, 2013, Bryant filed her "Verified Motion (1) to Vacate Order of Writ of Possession[1] (2) For Leave of Court to Renew Motion for Extension of Time to Complete Responses to Plaintiff's Alias Writ of Possession."

---

[1] A review of the motion to vacate shows that it was brought under Florida Rule of Civil Procedure 1.540(b) and alleged "fraud on the court."

2

She also filed, on January 6, 2014, a "Motion to Disregard Forged & Fabricated Assignment of Mortgage & Request for Judicial Notice." The trial court subsequently entered two orders on January 6, 2014 (collectively, the "Orders of January 6"). In one order, the trial court denied Bryant's motions for extension of time and to vacate the order of writ of possession.[2] In a second order, the trial court denied Bryant's motion to disregard forged and fabricated assignment of mortgage.

Bryant filed her notice of appeal on January 10, 2014. The notice states that Bryant seeks review of: (1) the Final Judgment of Foreclosure entered in June, 2011; (2) the November, 2013 Writ of Possession; and (3) "my other motions heard January 6, 2014." The Final Judgment, however, was the only order attached to the notice of appeal. For the reasons addressed below, we dismiss Bryant's appeal for lack of jurisdiction.

With regard to the Final Judgment of Foreclosure rendered on June 23, 2011, Bryant's notice of appeal, filed on January 10, 2014, was clearly insufficient to invoke this Court's jurisdiction. See Fla. R. App. P. 9.110(b) (requiring notice of appeal to be filed within thirty days of rendition of the order to be reviewed); Peltz v. Dist. Court of Appeal, Third Dist., 605 So. 2d 865 (Fla. 1992) (stating that an untimely filing of a notice of appeal precludes the appellate court from

_____

[2] That order also denied a "motion to compel plaintiff to produce" as untimely filed.

3

exercising jurisdiction); see also Mekertin v. Winn Dixie Stores, Inc., 869 So. 2d 1286, 1288 (Fla. 4th DCA 2004) ("The time for taking an appeal is a jurisdictional requirement established by Florida Rule of Appellate Procedure 9.110(b). Where the notice of appeal is not filed within thirty days of rendition, the appellate court is precluded from exercising jurisdiction over the appeal." (quoting Am. Auto. Ass'n v. C.D.S. Towing & Recovery, Inc., 805 So. 2d 1064, 1065 (Fla. 3d DCA 2002))); Chandler v. BAC Home Loans Servicing, 101 So. 3d 948 (Fla. 1st DCA 2012).

Similarly, Bryant failed to timely invoke this Court's jurisdiction to review the Writ of Possession. That order may be properly viewed as an appealable, non-final order determining "the right to immediate possession of property." See Fla. R. App. P. 9.130(a)(3)(C)(ii); Speedway SuperAmerica, LLC v. Tropic Enters., Inc., 966 So. 2d 1 (Fla. 2d DCA 2007) (stating that order directing the issuance of writ of possession is subject to interlocutory review as an order that determines "the right to immediate possession of property" under Rule 9.130(a)(3)(C)(ii)); cf. First Hanover v. Vazquez, 848 So. 2d 1188 (Fla. 3d DCA 2003) (finding that order denying writ of possession within context of landlord-tenant statute appealable as non-final order under Rule 9.130(a)(3)(C)(ii)). As with review of a final order, in order to invoke this Court's jurisdiction to review a non-final order, an appellant must file a notice within thirty days of rendition of the order to be reviewed. Fla.

4

R. App. P. 9.130(b). Here, the Writ of Possession was rendered on November 18, 2013, and the notice of appeal was filed on January 10, 2014. Bryant's failure to file a notice of appeal within thirty days of rendition precludes this Court from exercising jurisdiction over the appeal. See Longleaf C & D Disposal Facility, Inc. v. Green's Fill Dirt, Inc., 98 So. 3d 1250 (Fla. 1st DCA 2012); Stok v. Cabrera, 774 So. 2d 824 (Fla. 3d DCA 2000); see also Chandler, 101 So. 3d at 949 ("Florida courts are required to dismiss an appellate proceeding if it was not initiated within the applicable time limit.").

Finally, we also dismiss Bryant's appeal of the Orders of January 6, as taken from non-appealable, non-final orders. The Orders of January 6 contain several rulings by the trial court. Turning first to the denial of Bryant's motion to vacate the order of writ of possession, we note that a motion to vacate pursuant to Rule 1.540(b) cannot be directed toward non-final orders such as the writ of possession, an order here. See Hollifield v. Renew & Co., 18 So. 3d 616, 617 (Fla. 1st DCA 2009 ("Rule 1.540 authorizes a trial court to grant relief 'from a final judgment, decree, order, or proceeding'—not from a non-final order . . . ."). Moreover, even if the motion to vacate had been the proper procedural vehicle below, we are without jurisdiction to review the trial court's denial of that motion because it does not fall within the purview of appealable, non-final orders set forth in Rule 9.130(a)(3). See Bennett's Leasing, Inc. v. First St. Mortg. Corp., 870 So. 2d 93,

5

98 (Fla. 1st DCA 2003) ("An order entered on a motion to vacate a non-final order, even where the motion mislabels the non-final order as final, is not reviewable under Florida Rule of Appellate Procedure 9.130(a)(5)."). Similarly, the remaining rulings encompassed by the Orders of January 6—denying Bryant's motion for extension of time, motion to disregard forged and fabricated assignment of mortgage, and motion to compel plaintiff to produce—do not fall within any of the categories of appealable, non-final orders set forth in Rule 9.130(a)(3), and are therefore subject to dismissal for lack of jurisdiction as well.

For the above reasons, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.