NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DOROTHY S. TOWNE, ESQUIRE, d/b/a )
DOTTIE TOWNE, ATTORNEY AT LAW, )
and DAVID WEBSTER, )
  )
        Appellants, )
  )
v. )     Case No. 2D16-3171
  )
VAKA LAW GROUP, P.L., )
  )
        Appellee. )
  )

Opinion filed February 22, 2017.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Mark R. Wolfe, Judge.

Dottie Towne, Tampa, for Appellants.

John V. Trujillo, Jr., Tampa, for Appellee.

VILLANTI, Chief Judge.

        Dorothy Towne and David Webster appeal various orders underlying a

default judgment of liability entered in favor of Vaka Law Group, P.L., in an action for

breach of contract arising from a retention agreement. We have jurisdiction over the

order denying Appellants' motion for order compelling arbitration and motion to stay

judicial proceedings pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).

Because Towne waived her right to arbitration, we affirm the order denying her motion to stay and compel arbitration. We also affirm the order denying Webster's motion to stay and compel arbitration.[1]

Appellants also seek review of various other orders entered prior to the order denying their motion to stay and compel arbitration. To the extent that Towne seeks review of the denial of her motion for judgment on the pleadings, we must dismiss the appeal as we do not have jurisdiction. See Fla. R. App. P. 9.130; Zaremba v. Harbison, 462 So. 2d 80, 81 (Fla. 4th DCA 1985). To the extent that Towne seeks review of the denial of her motion to vacate the default judgment of liability, we must also dismiss the appeal as we do not have jurisdiction. See Bryant v. Wells Fargo Bank, N.A., 182 So. 3d 927, 929-30 (Fla. 3d DCA 2016). Finally, to the extent that Towne seeks review of the issuance of the clerk's default, we affirm because the propriety of that default has not been preserved for review. See Shelden v. Shelden, 63 So. 3d 78, 81 (Fla. 2d DCA 2011).

Affirmed in part; dismissed in part.

KELLY and WALLACE, JJ., Concur.

---

[1]We are not convinced that Webster was a proper party to the action below, and as such, a proper party to this appeal. However, because we affirm, we do not reach this issue.