Kuntz, J.
Appellants appeal the court’s final judgment and denial of their “Emergency Motion to Stay and Vacate Writ of Possession.” Previously, we dismissed the appeal of the final judgment of foreclosure for lack of jurisdiction as the notice of appeal was not timely as to that final judgment. Appellee now files a confession of error and states that we should reverse the denial of the motion to vacate the writ of possession. We reject the confession of error and sua sponte dismiss this appeal for lack of appellate jurisdiction.
While we appreciate counsel’s candor and explanation in the confession of error, we are not required to accept a confession of error. D.A. v. Dep’t of Children & Family Servs., 84 So.3d 1136, 1139 (Fla. 3d DCA 2012); Bain v. State, 919 So.2d 599, 602 (Fla. 3d DCA 2006) (citing Perry v. State, 808 So.2d 268 (Fla. 1st DCA 2002)); Santiago v. State, 669 So.2d 334, 335 (Fla. 3d DCA 1996)). We are, however, required to assess our own jurisdiction even when not raised by the parties. Rayburn v. Bright, 163 So.3d 735, 736 (Fla. 5th DCA 2015); Ruffin v. Kingswood E. Condo. Ass’n, 719 So.2d 951, 952 (Fla. 4th DCA 1998).
The appellants appeal the trial court’s denial of their motion to vacate a writ of possession. However, as the Third District recently held, a motion to vacate cannot be directed to a non-final order. Bryant v. Wells Fargo Bank, N.A., 182 So.3d 927, 930 (Fla. 3d DCA 2016) (“[W]e note that a motion to vacate pursuant to Rule 1.540(b) cannot be directed toward non-final orders such as the writ of possession .... ”). Further, as the court held in Bryant, “even if the motion to vacate had been the proper procedural vehicle below, we are without jurisdiction to review the trial court’s denial of that motion because it does not fall within the purview of ap-pealable, non-final orders set forth in Rule 9.130(a)(3).” Id. at 930.
We agree with the Third District’s opinion in Bryant and dismiss this appeal for lack of appellate jurisdiction.

Appeal dismissed.

Conner and Klingensmith, JJ., concur.