IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DONCARLOS GARCIA and
ANNE GARCIA,

      Appellants,

v.

NAVY FEDERAL CREDIT UNION and
56 COTTONWOOD COURT LAND TRUST,

      Appellees.

Case Nos.  5D16-1350 &
           5D16-3055

_____/

Opinion filed August 11, 2017

Appeal from the Circuit Court
for Flagler County,
C. David Hood, Jr., Judge.

Paul Alexander Bravo, of P.A. Bravo, Coral
Gables, for Appellants.

Melissa A. Giasi, of Kass Shuler, P.A.,
Tampa, for Appellee, Navy Federal Credit
Union.

No Appearance for Appellee, 56
Cottonwood Court Land Trust.

PER CURIAM.

      In this consolidated appeal, Doncarlos and Anne Garcia appeal the trial court's

entry of final judgment of foreclosure in favor of Navy Federal Credit Union ("NFCU")

(5D16-1350). The Garcias also appeal the trial court's denial of their motion to vacate the

writ of possession issued to 56 Cottonwood Court Land Trust (the "Trust") following the foreclosure sale (5D16-3055). We affirm the final judgment of foreclosure without further comment. For the following reasons, we sua sponte dismiss the portion of the appeal concerning the writ of possession for lack of appellate jurisdiction.

In November 2003, the Garcias executed a home equity line of credit agreement, secured by a second mortgage on their property, permitting them to borrow up to $75,000 from NFCU. The Garcias defaulted by failing to make the payment due October 1, 2007, and all subsequent payments. After a two-day bench trial, the trial court entered final judgment of foreclosure for NFCU. At the foreclosure sale in April 2016, the Trust submitted the winning bid for $230,000. The Flagler County Clerk issued a writ of possession to the Trust the following August. The Garcias then filed a verified emergency motion to vacate the writ of possession pursuant to Florida Rule of Civil Procedure 1.540(b), arguing, *inter alia*, that they did not receive proper notice of the foreclosure sale. The trial court denied the Garcias' motion.

Rule 1.540(b) permits a party to move to vacate a "final judgment, decree, order, or proceeding" on several grounds. Fla. R. Civ. P. 1.540(b). The rule does not, however, authorize a trial court to grant relief from a non-final order. Hialeah Hotel, Inc. v. Woods, 778 So. 2d 314, 315 (Fla. 3d DCA 2000) ("Rule 1.540 applies only to final judgments, not to interlocutory orders."). Moreover, "[a]n order entered on a motion to vacate a non-final order, even where the motion mislabels the non-final order as final, is not reviewable under Florida Rule of Appellate Procedure 9.130(a)(5)." Bennett's Leasing, Inc. v. First St. Mortg. Corp., 870 So. 2d 93, 98 (Fla. 1st DCA 2003); see also Hi-Tech Mktg. Group, Inc. v. Thiem, 659 So. 2d 479, 479 (Fla. 4th DCA 1995) ("Appellant seeks review of a

2

non-final order denying its motion to vacate a non-final order striking its pleadings as a discovery violation sanction. This is not a 'final order' as contemplated by rule 1.540(b) Florida Rules of Civil Procedure; therefore, this appeal must be dismissed sua sponte for lack of jurisdiction.").

The Third District Court addressed this precise issue in Bryant v. Wells Fargo Bank, N.A., 182 So. 3d 927, 928 (Fla. 3d DCA 2016). Like in this case, the borrowers in Bryant appealed both a final judgment of foreclosure and an order denying their rule 1.540(b) motion to quash the writ of possession in favor of the bank. Id. The appellate court found that the borrowers inappropriately utilized rule 1.540(b), explaining that "a motion to vacate pursuant to Rule 1.540(b) cannot be directed towards non-final orders such as the writ of possession." Id. at 930. The court further determined that "even if the motion to vacate had been the proper procedural vehicle below," it nonetheless lacked "jurisdiction to review the trial court's denial of that motion because it does not fall within the purview of appealable, non-final orders set forth in [Florida Rule of Appellate Procedure] 9.130(a)(3)." Id.; accord Nacius v. One W. Bank, FSB, 211 So. 3d 152, 153 (Fla. 4th DCA 2017) (sua sponte dismissing appeal challenging trial court's denial of motion to vacate writ of possession based on Bryant).

Based on the foregoing, we lack jurisdiction to consider the Garcias' appeal of their denied rule 1.540(b) motion directed towards the non-final order granting a writ of possession to the Trust. Accordingly, we affirm the final judgment of foreclosure and sua sponte dismiss the portion of the appeal concerning the writ of possession.

AFFIRMED in part; DISMISSED in part.

COHEN, C.J., SAWAYA and WALLIS, JJ., concur.

3