NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CEDRIC RAYNARD STUBBS and )
DECHANTA CATRECIA STUBBS, )
 )
 Appellants, )
 )
v. )  Case No. 2D17-1929
 )
FEDERAL NATIONAL MORTGAGE )
ASSOCIATION; MULTIBANK 2009-1 )
RES-ADC VENTURE LLC; and )
WOODLAND ESTATES HOME AND )
PROPERTY OWNERS ASSOCIATION, )
INC., )
 )
 Appellees. )
_____ )

Opinion filed June 13, 2018.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Charlotte County;
James R. Thompson, Senior Judge.

Cedric Raynard Stubbs and Dechanta
Catrecia Stubbs, pro se.

Kathleen Angione of Kahane & Associates,
P.A., Plantation, for Appellee Federal
National Mortgage Association.

No appearance for Appellees Multibank
2009-1 RES-ADC Ventures LLC and
Woodland Estates Home and Property
Owner's Association, Inc.


PER CURIAM.

Cedric and Dechanta Stubbs appeal the trial court's "Final order denying defendant's motion to vacate and defendant's notice of objection," rendered May 2, 2017. The motion sought to vacate the "Final order granting second motion for writ of possession," rendered March 1, 2017. Because we are without jurisdiction, we dismiss the appeal.

The trial court entered a foreclosure judgment against the Stubbses. We dismissed their subsequent appeal. See Stubbs v. Fed. Nat'l Mortg. Ass'n., 210 So. 3d 1286 (Fla. 2d DCA 2016) (table decision). Federal National Mortgage Association (Fannie Mae) purchased the property at a judicial sale and obtained a certificate of title in August 2016. Then, in January and, again, on March 1, 2017, the trial court entered separate orders granting Fannie Mae's petitions seeking issuance of a writ of possession. Shortly after the entry of each order, the Stubbses filed motions to vacate and objections to issuance of the writ under Florida Rule of Civil Procedure 1.540. In response, the trial court issued the May 2 order that is now before us.

The March 1, 2017, order granting a writ of possession is an appealable, nonfinal order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). See Speedway SuperAmerica, LLC v. Tropic Enters., Inc., 966 So. 2d 1, 2 (Fla. 2d DCA 2007) ("[A]n order directing the issuance of a writ of possession . . . is subject to interlocutory review as an order that determines 'the right to immediate possession of property.' " (quoting Fla. R. App. P. 9.130(a)(3)(C)(ii))).

Instead of appealing that order, the Stubbses sought relief under rule 1.540. But, "rule [1.540(b)] does not . . . authorize a trial court to grant relief from a non-final order." Garcia v. Navy Fed. Credit Union, 224 So. 3d 339, 341 (Fla. 5th DCA

- 2 -

2017).  And although Florida Rule of Appellate Procedure 9.130(a)(5) provides that "[o]rders entered on an authorized and timely motion [under Florida Rule of Civil Procedure 1.540] are reviewable by the method prescribed by this rule," "[a]n order entered on a motion to vacate a non-final order . . . is not reviewable under [rule] 9.130(a)(5)."  Bennett's Leasing, Inc. v. First St. Mortg. Corp., 870 So. 2d 93, 98 (Fla. 1st DCA 2003).  Simply put, "a motion to vacate pursuant to [Florida Rule of Civil Procedure] 1.540(b) cannot be directed toward non-final orders such as the writ of possession."  Bryant v. Wells Fargo Bank, N.A., 182 So. 3d 927, 930 (Fla. 3d DCA 2016); see also Hollifield v. Renew & Co., Inc., 18 So. 3d 616, 617 (Fla. 1st DCA 2009) ("Rule 1.540 authorizes a trial court to grant relief 'from a final judgment, decree, order, or proceeding'–not from a non-final order . . . .").  Consequently, a rule 1.540 motion directed to a non-final order is improper and leaves us without jurisdiction to review the denial of the motion to vacate.  Bryant, 182 So. 3d at 930 ("[E]ven if the motion to vacate had been the proper procedural vehicle below, we are without jurisdiction to review the trial court's denial of that motion because it does not fall within the purview of appealable, non-final orders set forth in Rule 9.130(a)(3).").

Furthermore, to invoke our jurisdiction to review a nonfinal order, an appellant must file a notice of appeal "within 30 days of rendition of the order to be reviewed."  Fla. R. App. P. 9.130(b).  This was not done.  The Stubbses filed their notice of appeal more than sixty days after rendition of the "Final order granting second motion for writ of possession."  Their rule 1.540(b) motion did not toll the time for taking an appeal, because "[a] motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation."  Fla. R. Civ. P. 1.540(b); see, e.g., In re Guardianship of Schiavo, 792 So. 2d 551, 560 (Fla. 2d DCA 2001) (stating that a motion

- 3 -

under rule 1.540(b) "does not operate to stay a judgment"); <u>Hatton v. Palm Beach County</u>, 550 So. 2d 65, 66 (Fla. 2d DCA 1989) (stating that motions filed under rule 1.540 "do not suspend rendition of the final judgment (and therefore do not toll the time for filing an appeal)"); <u>cf.</u> <u>Richardson v. Watson</u>, 611 So. 2d 1254, 1255 (Fla. 2d DCA 1992) ("Unlike an authorized and timely motion directed to a final order, a motion for reconsideration or rehearing of a nonfinal order does not toll the time for filing a notice of appeal . . . .").  As a result, the "[f]ailure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect.' " <u>First Nat'l Bank in Fort Myers v. Fla. Unemployment Appeals Comm'n</u>, 461 So. 2d 208, 208 (Fla. 1st DCA 1984).

Based upon the foregoing, we dismiss the Stubbses' appeal.

Dismissed.


LaROSE, C.J., and SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.