# Third District Court of Appeal

## State of Florida

Opinion filed January 19, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1341
Lower Tribunal No. 18-38814

_____


**Valledor Co., Inc., et al.,**
Appellants,

vs.

**Zena Decky,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.


Sweetapple, Broeker & Varkas, P.L., and Douglas C. Broeker, for appellants.

Trembly Law Firm, and Yadhira Ramírez-Toro and Hubert G. Menendez, for appellee.


Before SCALES, HENDON and LOBREE, JJ.

SCALES, J.

Appellants Valledor Company, Inc. and Robert Valledor (together, "Valledor"), defendants below, appeal four trial court orders relating to Valledor's default on several claims asserted against Valledor in appellee Zena Decky's May 5, 2019 amended complaint. We dismiss the appeal because none of the challenged orders are appealable final orders, nor are any of them included within Florida Rule of Appellate Procedure 9.130(a)(3)'s schedule of appealable nonfinal orders.

## I.    Relevant Procedural Background

On August 6, 2019, the trial court entered an order granting Decky's motion seeking a judicial default against Valledor (the first challenged order). This was followed by the trial court's entry of an August 14, 2019 partial default judgment as to liability (the second challenged order). In this partial default judgment, the trial court required the parties to set an evidentiary hearing to determine the amount of damages Valledor owed to Decky.

On August 20, 2020, the trial court, *sua sponte* and inadvertently, entered an order vacating the judicial default and the partial default judgment. That same day, though, the trial court entered an order vacating its earlier erroneous vacatur order (the third challenged order).

On August 23, 2019, Valledor filed a motion seeking to vacate the judicial default and partial default judgment. About a year later, on

September 9, 2020, the trial court entered an order denying Valledor's August 23, 2019 motion (the fourth challenged order). No evidentiary hearing establishing damages was ever scheduled; a determination of damages remains to be adjudicated.

On September 18, 2020, Valledor filed a notice of appeal, characterizing the September 9, 2020 order denying Valledor's vacatur motion as a "final order." While not explicit, we assume, based on Valledor's notice of appeal, that Valledor suggests we may review the three, earlier challenged orders as appealable interlocutory orders under Florida Rule of Appellate Procedure 9.110(h).

## II.    Analysis

An order is final only if it puts an end to judicial labor. Giller v. Giller, 319 So. 3d 690, 690-91 (Fla. 3d DCA 2021). While Valledor may be precluded from contesting liability (by virtue of the judicial default and partial default judgment), the trial court still has not adjudicated Decky's damages. This issue remains open and obviously requires additional judicial labor; hence, none of the challenged orders is final. Id.

The partial default judgment on liability is not appealable until the conclusion of the case. Kogan v. Mildenberger, 127 So. 3d 831, 832 (Fla. 3d DCA 2013). It is not a "partial final judgment," reviewable under rule 9.110(k),

3

because it neither "disposes of an entire case as to any party" nor is it one that "disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims." Fla. R. App. P. 9.110(k).

The September 9, 2020 order denying Valledor's motion to vacate the partial default judgment (and the judicial default upon which the partial default judgment was premised) is not reviewable because, as described above, Valledor's vacatur motion was not directed toward a final order. Stubbs v. Fed. Nat'l Mortg. Ass'n, 250 So. 3d 151, 152 (Fla. 2d DCA 2018) ("[A] rule 1.540 motion directed to a non-final order is improper and leaves us without jurisdiction to review the denial of the motion to vacate."); Bryant v. Wells Fargo, N.A., 182 So. 3d 927, 929-30 (Fla. 3d DCA 2016).

The August 20, 2020 order that vacated an erroneously entered order is also not final because it merely left in place the partial default judgment that, by its own terms, expressly contemplates additional judicial labor, i.e., fixing the amount of damages to which Decky is entitled. Furthermore, none of the challenged orders is contained in rule 9.130(a)(3)'s schedule of appealable, nonfinal orders. Bryant, 182 So. 3d at 930.

Because we lack appellate jurisdiction to review any of the challenged orders, we are compelled to dismiss the appeal.[1]

Appeal dismissed.

---

[1] We express no opinion as to whether the default orders were properly entered or whether they should have been vacated.