# Third District Court of Appeal
## State of Florida

Opinion filed February 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1764
Lower Tribunal No. 22-7771
_____

**Amparo Denis,**
Appellant,

vs.

**Seasons Gardens Senior Residence, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Kuehne Davis Law, P.A., and Benedict P. Kuehne and Michael T. Davis, for appellant.

Quintairos, Prieto, Wood & Boyer, P.A., and Thomas A. Valdez and Megan G. Colter (Tampa) and Scott M. Teich (Ft. Lauderdale), for appellee.

Before FERNANDEZ, SCALES and LOBREE, JJ.

LOBREE, J.

Amparo Denis appeals the trial court's non-final order granting

appellee Seasons Gardens Senior Residence, LLC's ("Seasons Gardens") motion to vacate and set aside default orders. Because we are without jurisdiction, we dismiss the appeal.

## BACKGROUND

Denis filed a premises liability action against Seasons Gardens, seeking to recover damages for injuries she suffered when she fell due to "a change in the floor elevation" between the "outdoor access/platform floor" and the sidewalk. After Seasons Gardens did not file any paper or pleading in the case, and on Denis' motion, the clerk entered a clerk's default against Seasons Gardens. Relying on the clerk's default and Seasons Gardens' failure to respond to or answer the complaint, Denis then moved for a judicial default under Florida Rule of Civil Procedure 1.500. In her motion, Denis sought a default and an order "finding the Defendant negligent and liable." Denis further requested a jury trial or hearing on damages. The trial court subsequently granted Denis' motion and entered a default against Seasons Gardens, finding it "negligent and liable for plaintiff['s] . . . damages."

After learning of the judicial default, Seasons Gardens filed a motion under Florida Rule of Civil Procedure 1.540(b) to set aside and vacate the court default, which was directed toward both the clerk's default and the judicial default. Seasons Gardens also filed an answer and affirmative

2

defenses to Denis' complaint. In its motion to set aside and vacate, Seasons Gardens argued that the defaults should be set aside based on mistake and excusable neglect, and that it had a meritorious defense and had acted with due diligence by moving to vacate within twelve days of discovering the default. Seasons Gardens supported its motion with an affidavit from its insurer's claims specialist attesting that based on its subject line, he had mistakenly filed the email sent to him to which the complaint was attached. The claims specialist further stated that he immediately retained counsel once it came to his attention that a default had been entered against Seasons Gardens.

The trial court conducted a hearing on Seasons Gardens' motion to set aside and vacate and orally ruled that it "is going to go ahead and set aside the default, allow the answer to stand and then move this case along to the merits." Shortly thereafter, the trial court entered a written order granting Seasons Gardens' motion. The trial court found that based on the claims specialist's affidavit and Seasons Gardens having "moved quickly" to set aside the default as well as file its answer and affirmative defenses, Seasons Gardens demonstrated excusable neglect, due diligence, and meritorious

3

defenses.[1]  The trial court further noted that "no final judgment has been entered."  Characterizing the trial court's order granting Seasons Gardens' motion to set aside and vacate default as one granting rule 1.540(b) relief from a "default judgment as to liability," Denis now seeks review under Florida Rule of Appellate Procedure 9.130(a)(5).

## ANALYSIS

On appeal, Denis primarily argues that that Seasons Gardens' motion to set aside and vacate was legally insufficient because it was supported solely by an affidavit from Seasons Gardens' insurer rather than by an affidavit from the defendant, Seasons Gardens, and therefore the trial court erred in granting Seasons Gardens' motion to set aside and vacate.  In its answer brief, Seasons Gardens argues that this appeal should be dismissed for lack of jurisdiction because an order on a motion to vacate that is directed toward a non-final order, even one proceeding under rule 1.540(b), does not result in an appealable non-final order under rule 9.130.  Denis did not file a

---

[1] Although the reasoning set forth in the trial court's written order was aimed only at the judicial default, because the order grants Seasons Gardens' motion, which sought to set aside and vacate *both* the clerk's default and the judicial default, and the trial court orally pronounced that the case would proceed to the merits, we conclude the order on appeal set aside both the clerk's default and the judicial default. See, e.g., Cancino v. Cancino, 273 So. 3d 122, 127 (Fla. 3d DCA 2019) (stating that "a trial court's oral pronouncement controls over its written order").

reply brief addressing Seasons Gardens' jurisdictional argument, or otherwise. Seasons Gardens' jurisdictional argument has merit.

Each of the defaults entered against Seasons Gardens is a non-final, non-appealable order. Specifically, "[c]lerk's defaults are not independently appealable." Fascetti v. Fascetti, 795 So. 2d 1094, 1095 (Fla. 4th DCA 2001); see also Kudriaszow-Zwerle v. Stopper, 29 So. 3d 301 (Fla. 2d DCA 2010) (table) (dismissing appeal from clerk's default). Likewise, an order entering a judicial default is not a final appealable order, as it does not put an end to judicial labor in the case, nor is such an order included in the schedule of appealable, non-final orders set forth in rule 9.130(a)(3). Valledor Co. v. Decky, 338 So. 3d 956, 958 (Fla. 3d DCA 2022) (explaining that judicial default is neither final order nor appealable non-final order under rule 9.130(a)(3)). This latter proposition holds true even when the judicial default constitutes a default judgment as to liability. See id. at 958; Pineside Condo. Ass'n v. Rey, 342 So. 3d 741, 741 (Fla. 3d DCA 2022) (dismissing appeal of default judgment as to liability only as one taken from non-final, non-appealable order and stating that "orders determining the issue of liability only are not appealable until a final judgment has been entered"); Medeiros v. Firth, 200 So. 3d 121, 122 (Fla. 5th DCA 2016) ("Florida law makes no provision for a 'final judgment as to liability.' . . . A default judgment

5

entered against a defendant as to liability is not a final judgment; rather, it is a non-final, non-appealable order."); Kogan v. Mildenberger, 127 So. 3d 831, 832 (Fla. 3d DCA 2013). Because the underlying default orders were non-final, the trial court's order setting aside those defaults is also a non-final, non-appealable order. See Carbajal v. De La Caridad Paz, 719 So. 2d 1026, 1027 (Fla. 3d DCA 1998) (dismissing appeal from order vacating default and default judgment on liability "as the order is not an appealable nonfinal order under Fla. R. App. P. 9.130"); Collins v. Penske Truck Leasing, 668 So. 2d 343, 344 (Fla. 5th DCA 1996) ("It is well established that an order of a trial court which sets aside a clerk's default is not appealable as a non-final order.").

The fact that Seasons Gardens moved to set aside and vacate the defaults under rule 1.540(b) does not alter our conclusion that we are without jurisdiction to review the challenged order. Rule 9.130(a)(5) provides for appellate review of "[o]rders entered on an authorized and timely motion for relief from judgment." However, a 1.540(b) motion for relief from judgment, decree, or orders is "authorized" only when it is directed toward a *final* order. Fabre v. 4647 Block, LLC, 2024 WL 4219455, *2, 49 Fla. L. Weekly D1914 (Fla. 3d DCA Sept. 18, 2024) ("By its plain text, Rule 1.540(b) only applies to final orders. 'The rule does not . . . authorize a trial court to grant relief

6

from a non-final order.'" (citations omitted) (quoting <u>Garcia v. Navy Fed. Credit Union</u>, 224 So. 3d 339, 340 (Fla. 5th DCA 2017))); <u>Bennett's Leasing, Inc. v. First St. Mortg. Corp.</u>, 870 So. 2d 93, 97 (Fla. 1st DCA 2003) ("[R]ule 1.540 authorizes motions seeking relief only from "a *final* judgment, decree, order, or proceeding."); <u>Bryant v. Wells Fargo Bank, N.A.</u>, 182 So. 3d 927, 930 (Fla. 3d DCA 2016) (noting "that a motion to vacate pursuant to Rule 1.540(b) cannot be directed toward non-final orders"). Here, because Seasons Gardens' 1.540(b) motion sought to set aside or vacate non-final orders, the motion was not authorized. We therefore lack appellate jurisdiction to review the resulting order under rule 9.130(a)(5).[2] <u>See</u> <u>Fabre</u>, 2024 WL 4219455 at *2, 49 Fla. L. Weekly at D1914 (holding that because motion for relief from judgment filed under rule 1.540(b) was not authorized, this court lacked jurisdiction under rule 9.130(a)(5) to review order denying motion); <u>Bennett's Leasing, Inc.</u>, 870 So. 2d at 98 ("An order entered on a motion to vacate a non-final order, even where the motion mislabels the non-

---

[2] That Seasons Gardens' motion to set aside and vacate was unauthorized under rule 1.540(b) does not mean that the trial court lacked inherent authority to reconsider its non-final order granting a judicial default. <u>Silverstrone v. Edell</u>, 721 So. 2d 1173, 1175 (Fla. 1998) (stating that "the trial court retains inherent authority to reconsider and, if deemed appropriate, alter or retract any of its nonfinal rulings prior to entry of the final judgment or order terminating an action"); <u>AC Holdings 2006, Inc. v. McCarty</u>, 985 So. 2d 1123, 1125 (Fla. 3d DCA 2008) ("[A] trial court has inherent authority to reconsider and modify its interlocutory orders.").

final order as final, is not reviewable under Florida Rule of Appellate Procedure 9.130(a)(5).").

Accordingly, because the trial court's non-final order setting aside the non-final default orders entered against Seasons Gardens is neither appealable under rule 9.130(a)(3)'s schedule of appealable non-final orders nor under rule 9.130(a)(5), this appeal is dismissed for lack of jurisdiction.

Appeal dismissed.