# Third District Court of Appeal

## State of Florida

Opinion filed March 26, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D23-1013
Lower Tribunal No. 22-23449

————————————

## Aqua Bay Luxury Apartments, Inc., etc.,
Appellant,

vs.

## The Ivory at Bay Harbour, LLC,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Neustein Law Group, P.A., and Nicole R. Moskowitz, for appellant.

Forteza Law, PLLC and Gaspar Forteza, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Aqua Bay Luxury Apartments, Inc. ("Aqua Bay"), appeals four orders

entered in this dispute concerning tenancies and possession of eleven apartment units located in the same building in Bay Harbor Islands. Along with an order granting appellee, The Ivory at Bay Harbour, LLC ("IBH"), a final judgment of removal of tenants on count I of its second amended complaint and directing issuance of writs of possession for those apartments, Aqua Bay also appeals nonfinal orders (1) denying its motion to dismiss, (2) on verified motion to determine rents, and (3) denying its motion to strike the second amended complaint. Because the latter three orders are not "specifically listed in [Florida Rule of Appellate Procedure] 9.130(a)(3)," Dexx Med. Indus., CA v. Fitesa Naotecidos S.A., 346 So. 3d 1215, 1217 (Fla. 3d DCA 2022), and did not "provide[] the basis for the order directing issuance of the writ of possession," Speedway SuperAmerica, LLC v. Tropic Enters., Inc., 966 So. 2d 1, 2 n.1 (Fla. 2d DCA 2007), we dismiss Aqua Bay's appeal from those orders for lack of jurisdiction. As for the order granting final judgment of removal of tenants, Aqua Bay seeks review under rule 9.110(k), characterizing the order as a partial final judgment. Aqua Bay's reliance on rule 9.110(k) to establish jurisdiction is misplaced, because multiple interrelated counts remain pending below. See Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 562 (Fla. 3d DCA 2015) (explaining that rule 9.110(k) "provides for appellate jurisdiction to hear a

2

partial final judgment only when the claims adjudicated by that order are separate and independent from the portion of the case still to be adjudicated"). We nonetheless have jurisdiction to review the nonfinal order as one determining "the right to immediate possession of property." Fla. R. App. P. 9.130(a)(3)(C)(ii); see Bryant v. Wells Fargo Bank, N.A., 182 So. 3d 927, 929 (Fla. 3d DCA 2016) (stating that order granting writ of possession "may be properly viewed as an appealable, non-final order determining 'the right to immediate possession of property'" (quoting Fla. R. App. P. 9.130(a)(3)(C)(ii)); Shir L. Grp., P.A. v. Carnevale, 306 So. 3d 319, 320 (Fla. 3d DCA 2020) (concluding that this court had jurisdiction under rule 9.130(a)(3)(C)(ii) to review order compelling appellants to convey condominium unit within three days of date of order). Discerning no error in the trial court's entry of final judgment on count I of the second amended complaint, we affirm the order granting IBH's motion for final judgment of removal of tenants.

Affirmed in part and dismissed in part.

3